Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com

Attorney for Plaintiff,
JEFFERY R. WERNER,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY R. WERNER,<br><br>          Plaintiff,<br><br>v.<br><br>EVOLVE MEDIA, LLC; and DOES 1-25, inclusive,<br><br>          Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR BENCH TRIAL** |

Plaintiff, Jeffrey R. Werner alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims

1  for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §
2  1338(a).
3     3.   This Court has personal jurisdiction over Defendant because
4  Defendant conducts business and/or resides within the State of California,
5  Defendant's acts of infringement complained of herein occurred in the State of
6  California, and Defendant caused injury to Plaintiff within the State of
7  California.
8     4.   Venue in this judicial district is proper under 28 U.S.C. § 1391(c)
9  and 1400(a) in that this is the judicial district in which a substantial part of the
10 acts and omissions giving rise to the claims occurred. Alternatively, venue is
11 also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and
12 has a regular and established place of business in this judicial district.

## **PARTIES**

14    5.   Plaintiff Jeffrey R. Werner ("Plaintiff" or "Werner") resides in Los
15 Angeles, California and is a professional photographer by trade.
16    6.   Plaintiff is informed and believes, and thereon alleges, that
17 Defendant Evolve Media, LLC. ("Defendant" or "Evolve Media") is a
18 corporation duly organized and existing under the laws of the State of California
19 with a principle place of business at 5140 Goldleaf Circle Suite 100-C Los
20 Angeles, CA, 90056.
21    7.   Defendant is the owner and operator of numerous commercial

websites including www.craveonline.com, www.mandatory.com, www.webecosit.com, www.momtastic.com, and www.dogtime.com ("Defendant's Websites").

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 25, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

### FACTUAL ALLEGATIONS

*Plaintiff Jeffrey Werner*

9. Werner has over 35 years experience as a professional photographer. His work has appeared in publications such as *Life, Time, Newsweek, People, Marie Claire, FHM, Smithsonian, Playboy, Maxim, In Touch, Daily Mail, Penthouse,* and many others.

10. Werner is primarily known for his specialty work in capturing video and photographs of dangerous stunts, and is the only photographer inducted into

the Stuntworld Hall of Fame. His work has been featured on such television shows as *That's Incredible!, The World's Greatest Stunts, Stuntmasters, Guinness World Record Spectaculars, Ripley's Believe It Or Not,* and *I Dare You.*

11. In addition to his stunt work, Werner is well known for his work with exotic animals, sideshow eccentricities, and people who have overcome incredible obstacles. The uniqueness of Werner's portfolio has resulted in substantial licensing opportunities for his work, which he relies on to research and fund future shoots.

12. Werner is the president of the editorial syndication agency, Incredible Features, Inc. ("Incredible Features"), through which Werner distributes and syndicates his and other photographer's works.

13. Werner is the author and sole rights holder to a photograph of Wiley the Coyote ("Wiley Coyote Image") one of the only coyotes to ever be born in the wild and fully domesticated. Werner registered the Wiley Coyote Image with the United States Copyright Office, registration number VA 1-920-166.

14. Werner originally licensed Wiley Coyote Image to www.dailymail.co.uk via Barcroft Media, a sublicensing agent, for use in the UK only for a story entitled "Man's best friend: Wiley the coyote, the family pet who likes to sit by the fire, goes for walks on a leash and plays fetch with a tennis ball" which was published on January 14, 2014. *See* https://dailym.ai/2vuyOAe.

15. Werner is the author and sole rights holder to a photograph of two

bison named "Wildthing" and Bullet" and their owner RC Bridges ("Buffalo Whisperer Image"), who keeps them as pets and allow them to live in their 2,400 square foot home. Werner registered the Buffalo Whisperer Image with the United States Copyright Office, registration number VA 1-915-275.

16. Werner is the author and sole rights holder to a photograph of an alligator with a prosthetic tail named "Mr. Stubbs" ("Mr. Stubbs Image"). Werner registered the Mr. Stubbs Image with the United States Copyright Office, registration number VA 1-861-824.

17. Werner originally licensed Mr. Stubbs Image to www.dailymail.co.uk via Barcroft Media, a sublicensing agent, for the UK only for a story entitled "That's why they call him Mr Stubbs: Alligator is first in the world to be fitted with a prosthetic tail after losing his in a fight" which was published on March 10, 2013. *See* https://dailym.ai/2OpsNLT.

18. Werner is the author and sole rights holder to a photograph of the world's tallest dog, named "Giant George" ("Giant George Image"), a great dane standing at approximately 43 inches tall and weighing 245 pounds. Werner registered the Mr. Stubbs Image with the United States Copyright Office, registration number VA 1-861-824.

19. Werner originally licensed Giant George Image to www.dailymail.co.uk via Barcroft Media, a sublicensing agent, for the UK only for a story entitled "Giant George the world's tallest dog EVER who stood over 7ft

tall on his hind legs passes away at home" which was published on October 24, 2013. *See* https://dailym.ai/2noTzIY.

20. The photographs reference above will be collectively referred to as the Images. True and correct copies of the Images are attached hereto as Exhibit A.

### *Defendant Evolve Media, LLC*

21. Defendant Evolve Media is an integrated digital media company, owns and operates a portfolio over 40 lifestyle websites, including Defendant's Websites, which boast over 120 million readers a month. *See* http://www.evolvemediallc.com/#brands.

22. Defendant is a sophisticated user of intellectual property and partners with some of the largest brands in the world including Disney, Nintendo, Hasbro, Coca-Cola, Target, Ford, Old Spice, and others to deliver targeted content to consumers. *See* http://www.evolvemediallc.com/#clients.

23. A portion of Defendant's website portfolio, including Defendant's Websites, is administered through two wholly owned subsidiary entities, CraveOnline LLC ("CraveOnline") which produced content primarily targeted at male millennial, and TotallyHer Media, LLC ("TotallyHer"), which produces content primarily for women.

24. On information and belief, Defendant licenses a large amount of visual content on Defendant's Websites from third-party sources, and is aware that it is customary to obtain a license prior to utilizing third-party content to which it

1  does not have the rights.

### Defendant Evolve Media's Infringing Conduct

25.  On or about March 23, 2017, Werner discovered that the Buffalo Whisperer Image and Wiley Coyote Image were being used on www.craveonline.com, in and article titled "10 People with Incredibly Badass Pets;" that the Giant George Image was being used on www.dogtime.com in an article titled "Best Dog Pictures of 2013;" and that the Mr. Stubbs Image was used on www.momtastic.com in an article titled "Bionic Animals: 10 Creatures Thriving with Prosthetics" ("Infringing Articles").

26.  The Mr. Stubbs Images as used in one of the Infringing Articles on Defendant's Website www.momtastic.com contained a visible watermark in the bottom left corner with the text "© Incredible Features/ Barcroft M" indicating that the Image had been licensed through Werner's company Incredible Features and Barcroft Media. However, neither Werner, Incredible Features, nor Barcroft had ever been contacted for permission to use the Mr. Stubbs Image in the Infringing Article on www.momtastic.com, nor does Werner have any record of having licensed any of the Images for use on Defendant's Websites.

27.  On or about May 16, 2017, International Intellectual Property, Inc. (IIPI), a intellectual property licensing agency retained by Werner and Incredible Features to purposes of identifying unauthorized use of Werner's Images, sent cease and desist letters to Defendant's subsidiaries CraveOnline and TotallyHer,

directed to Defendant's general counsel Josh Ellingwood ("Ellingwood") explaining, *inter alia,* that the display of Werner's Images on Defendant's Websites was unauthorized and requesting that they be promptly removed. Attached hereto as Exhibit B are true and correct copies of the May 16, 2017 cease and desist letters sent to Defendant.

28. On or about May 17, 2017, the United States Postal Service ("USPS") delivered the cease and desist letters at Defendant's address to a person by the name of J. Ellingwood who signed a deliver confirmation slip confirming receipt. Attached hereto as Exhibit C is a true and correct copy of the signed USPS delivery confirmation slip.

29. After receipt of the letters, Defendant removed the Wiley Coyote and Buffalo Whisperer Images, but did not remove the Mr. Stubbs and Giant George Images from Defendant's Websites.

30. After waiting a week and verifying that the Images had not been removed from Defendant's Websites, IIPI sent a second consolidated cease and desist letter to Ellingwood on or about May 23, 2017. A true and correct copy of the May 23, 2017 cease and desist letter is attached hereto as Exhibit D.

31. On or about May 24, 2017, the USPS delivered the second cease and desist letter at Defendant's address. Once again a person by the name of J. Ellingwood signed a deliver confirmation slip confirming receipt of the letter. Attached hereto as Exhibit E is a true and correct copy of the signed USPS

delivery confirmation slip.

32. After confirming that Defendant had received the second letter, IIPI verified that the Giant George and Mr. Stubbs Images had still not been removed from Defendant's Websites.

33. On or about May 30, 2017, IIPI sent a third cease and desist letter to Ellingwood. Attached hereto as Exhibit F is a true and correct copy of the May 30, 2017 cease and desist letter.

34. On or about May 30, 2017, the USPS delivered the cease and desist letters at Defendant's address. Once again a person by the name of J. Ellingwood signed a deliver confirmation slip confirming receipt of the letter. Attached hereto as Exhibit G is a true and correct copy of the USPS delivery confirmation slip.

35. On or about June 13, 2017, Ellingwood sent an email identifying himself as General Counsel for Defendant and stating:

> "I've been out of pocket for a couple of weeks but I see that there may be some copyright issues at webecosit.com and dogtime.com. I'd like to address those globally with you. Do you have some time Thursday or Friday for a call? It would also be helpful if I could get a complete list of all images for which your client(s) are claiming infringement. We're a relatively small operation and as I mentioned, I've been out of pocket, so I want to make sure everything made its way to my desk."

36. On or about June 16, 2017, Brian Wolff ("Wolff") of IIPI spoke with Ellingwood on the telephone to discuss the cease and desist letters and Defendant's continued infringing use of the Mr. Stubbs and Giant George Images on Defendant's Websites.

37. During the conversation, Ellingwood reiterated that he had been out of town and was not aware of the letters until recently. When Wolff pointed out that he had signed USPS receipts confirming that Ellingwood had received the letters, and that some of the Images had been taken down after the letters were sent, Ellingwood became upset and hung up the phone.

38. As of the date of this complaint, the Mr. Stubbs and Giant George Images are still displayed on Defendant's Websites and have not been removed. Attached hereto as Exhibit H are true and correct time stamped screenshots of Defendant's continued infringing use of Werner's Images; *see also* https://bit.ly/2OsIDWn; https://bit.ly/2OsIQJ9; https://bit.ly/2nqvTUL; and https://bit.ly/2vT2rdO.

39. On information and belief, Defendant's continued use of the Images after repeated notice is deliberate and willful.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Images.

42. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Images in violation of

Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Images of the Plaintiff without Plaintiff's consent by using them in the Infringing Articles on Defendant's Websites.

43. Specifically, the Mr. Stubbs Image contained a watermark identifying the company authorized to license Plaintiff's Images, however Plaintiff has no record of Defendant ever purchasing a license. Additionally, Defendant's general counsel was repeatedly placed on notice of Defendant's infringement, but Defendant has not removed all of the infringing copies of the Images identified by Plaintiff from Defendant's Websites.

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and disgorgement of profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

46. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For a finding that Defendant infringed Plaintiff's copyright interest in the Images by copying and displaying them for commercial purposes without a license or consent;

2. For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

3. For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

4. For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

5. For pre judgment interest as permitted by law; and

6. For any other relief the Court deems just and proper.

Dated: August 16, 2018                        Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR BENCH TRIAL

Plaintiff, Jeffrey R. Werner hereby demands a bench trial in the above matter.

Dated: August 16, 2018

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*