United States District Court
Central District of California

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Jeffery Werner,

        Plaintiff,

        v.

Evolve Media, LLC, et al.

        Defendants

2:18-cv-7188-VAP-SKx

**Order GRANTING Plaintiff's Motion for Summary Judgment [Doc. ## 63,66]**

Before the Court is Plaintiff Jeffery Werner's Motion for Summary Judgment, filed March 19, 2020. ("Motion," Dkt. 66). To date, Defendants Evolve Media, LLC, Craveonline, LLC, and Totallyher Media, LLC (collectively, "Defendants") have not opposed the Motion.

After considering all papers filed in support of the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court hereby GRANTS the Motion.

# I. BACKGROUND

## A.  Procedural History

On August 16, 2018, Plaintiff filed a Complaint against Defendants for damages and injunctive relief from copyright infringement.  (Dkt. 1).  After engaging in settlement negotiations, on August 30, 2019, Plaintiff filed a First Amended Complaint, again alleging copyright infringement in violation of 17 U.S.C. § 101 *et seq.*  (Dkt. 43, "FAC").  On March 9, 2020, Plaintiff filed (under seal) this Motion for Summary Judgment, (Dkt. 66), along with supporting declarations, exhibits, and a Statement of Undisputed Facts ("SUF") (Dkt. 66-4).  Defendants did not oppose the Motion.

## B.  Relevant Factual Background

To the extent certain facts or contentions are not mentioned in this Order, the Court has not found it necessary to consider them in reaching its decision.  In addition to considering the evidentiary objections raised by the parties, the Court has reviewed independently the admissibility of the evidence that both parties submitted and has not considered evidence that is irrelevant or inadmissible.  At the summary judgment stage, a district court should "focus on the admissibility of the [evidence's] contents" and not the form in which the evidence is presented—it is sufficient that a party will be able to produce evidence in its admissible form at trial.  *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001).  Moreover, "objections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself" and thus need not be considered on a motion for

United States District Court
Central District of California

2

summary judgment. *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006).

"In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy." L.R. 56-3. Plaintiff filed a Statement of Undisputed Facts in support of the instant motion (Dkt. 66-4), and Defendants failed to provide a statement of genuine disputes in response, *see* L.R. 56-2.

Local Rule 56– allows the Court to find that "the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy *except to the extent* that such material facts are (a) included in the "Statement of Genuine Issues" *and* (b) controverted by declaration or other written evidence filed in opposition to the motion." Local Rule 56–3 (emphasis added). Given Defendants' failure to file a statement of genuine issues, the Court is entitled to deem all of Plaintiff's undisputed facts uncontroverted if they are supported by admissible evidence. *Theimer v. Orduno*, No. EDCV 08-293 VAP (JCRx), 2009 WL 482329, at *2 (C.D. Cal. Feb. 25, 2009) (finding that the consequence of the failure to file timely statements of genuine issues was the Court would grant summary judgment if the moving defendant proffered evidence demonstrating they were entitled to judgment as a matter of law); *Transamerica Annuity Serv. Corp. v. Alexander-Mackey*, No. 2:07-cv-8141 FMC (JCRx), 2008 WL 11340371, at *3 (C.D. Cal. Sept. 15, 2008) (where defendant failed to file an opposition to plaintiff's motion for summary judgment, the court issued its decision based

United States District Court
Central District of California

on an independent review of the plaintiff's moving papers and evidence);

*Drake v. Morgan Stanley & Co., Inc.*, No. CV 09-6467 ODW (RCx), 2010 WL 11571243, at *1 (C.D. Cal. June 2, 2010) (deeming facts to be undisputed given the plaintiffs' failure to file a statement of genuine issue of material fact in opposition to defendant's statement of uncontroverted facts and conclusions of law).  Therefore, the Court takes Plaintiff's facts as true.

### C.   Uncontroverted Facts

The following material facts are supported adequately by admissible evidence and are uncontroverted.  They are "admitted to exist without controversy" for the purposes of the parties' motions.  *See* Local Rule 56-3.

Plaintiff Jeffery R. Werner is a professional photographer with more than 35 years of experience.  (SUF 1).  His work has appeared in popular publications such as Life, Time, and Newsweek, as well as on television shows such as That's Incredible!.  (SUF 2,3).  Much of his work focuses on "exotic animals, sideshow eccentricities, and people who have overcome incredible obstacles."  (SUF 5).  Several of Plaintiff's photographs form the basis of this dispute.

In 2009, Plaintiff captured a series of photographs of "Giant George," who was considered to be the world's tallest dog.  (SUF 12).  One of the photos ("Giant George Image") depicts George and his owner, Dave Nasser.  (SUF 13).  In 2012, Plaintiff captured a series of photographs of R.C. Bridges, nicknamed the "Buffalo Whisperer," who shares his home with "Wildthing," a 2,400 pound buffalo, and "Bullet," a 900 pound buffalo.  (SUF

4

18).  One of these photos ("Buffalo Whisperer Image") depicts Bridges roping Wildthing and Bullet.  (SUF 19).  In 2013, Plaintiff captured a series of photographs of "Mr. Stubbs," the first alligator to be fitted with a prosthetic tail.  (SUF 22).  One of those photographs ("Mr. Stubbs Image") depicts Mr. Stubbs baring his teeth.  (SUF 23).  Finally, in 2013, Plaintiff took a series of photographs of "Wiley," a coyote born in the wild and domesticated, and kept as a pet by an eight-year-old named Hailey Hanestad.  (SUF 26).  One of these photos ("Wiley Coyote Image") depicted Wiley and Hailey sitting on Hailey's bed.  (SUF 27).

Plaintiff registered each image with the United States Copyright Office. Plaintiff created the Giant George Image in 2009 and registered it with an effective registration date of November 11, 2009.  (See SUF 12-14).  He created the Buffalo Whisperer Image in 2012 and subsequently registered it with an effective registration date of May 16, 2014.  (See SUF 18-20).  He created the Mr. Stubbs Image in 2013 and registered it with an effective registration date of March 13, 2013, (see SUF 22-24), and he created the Wiley Coyote Image in 2013 and registered it with an effective registration date of December 17, 2013, (see SUF 26-28).  Each of these series and photographs became quite popular and afforded Plaintiff lucrative licensing opportunities.  (SUF 16, 21, 25, 29).

Defendant Evolve Media, LLC ("Evolve") is a California Limited Liablity Company with its principal place of business at 5140 Goldleaf Circle, Los Angeles, CA, 90056.  (SUF 30).  Defendant CraveOnline Media ("CraveOnline") is a wholly-owned subsidiary of Evolve.  (SUF 31).  It

United States District Court
Central District of California

launched in 2004 and operates the website www.craveonline.com.  (SUF 35-36).  Defendant TotallyHer Media ("TotallyHer") is a wholly-owned subsidiary of Evolve.  (SUF 31).  It operates the website www.momtastic.com, which Evolve launched in 2010.  (SUF 37-38).  www.webecoist.com is a subdomain of www.momtastic.com, which TotallyHer acquired in 2011.  (SUF 39-40).   TotallyHer also operates the website www.dogtime.com, which it acquired in 2014.  (SUF 41-42).

Evolve has control over the content that appears on its subsidiaries' websites.  Specifically, "Evolve supervises and controls the use of photographic imagery on its subsidiaries' websites through a written Image Use Policy which outlines required procedures related to submission and use of photographic images."  (SUF 43).   Furthermore, as part of Evolve's policies and procedures, the author selects photographs for articles on www.craveonline.com and a Managing Editor reviews content before it is published on www.craveonline.com.  (SUF 50, 51).  The same is true for the website www.webecoist.momtastic.com.  (SUF 58, 59).

The alleged copyright infringement pertains to three separate articles:  On June 20, 2016, Evolve posted an article on www.craveonline.com titled "10 People With Incredibly Badass Pets" ("Crave Article").  (SUF 47).  This article included copies of Plaintiff's Buffalo Whisperer and Wiley Coyote Images.  (SUF 53).  The Buffalo Whisperer and Wiley Coyote Images were not licensed for use in the Crave Article.  (SUF 54).  On March 25, 2013, Evolve posted an article on www.webecoist.momtastic.com title "Bionic Animals: 10 Creatures Thriving with Prosthetics" ("Webecoist Article").

6

United States District Court
Central District of California

(SUF 55).  This article included copies of Plaintiff's Mr. Stubbs Image.

(SUF 61).  The Mr. Stubbs Image was not licensed for use in the Webecoist

Article.  (SUF 63).  Finally, in December 2013, an article appeared on

www.dogtime.com titled "Best dog pictures of 2013" ("Dogtime Article").

(SUF 64).  This article included copies of Plaintiff's Giant George Image.

(SUF 65).  The Giant George Image was not licensed for use in the Dogtime

Article.  (SUF 68).  Evolve received advertising revenue in connection with

all three articles.  (SUF 52, 60, 66).

Josh Ellingwood is General Counsel for Evolve, CraveOnline, and

TotallyHer.  (SUF 33).  Defendants have all designated Ellingwood as their

authorized agent to receive notifications for copyright infringement claims at

their principal place of business.  (SUF 34).

Plaintiff, acting through his agent Brian R. Wolff, sent repeated cease

and desist letters to Defendants, which Defendants ignored.  On May 16,

2017, Brian R. Wolff of International Intellectual Property, Inc. sent a letter to

Josh Ellingwood at 5140 W. Goldleaf Circle, 3rd Floor, Los Angeles, CA

90056.  (SUF 69).  The letter stated that the display of the Buffalo Whisperer

and Wiley Coyote Images within the Crave Article were not authorized, and

included proof of the copyright for both images, as well as a link to and

screenshots of the Crave Article.  (SUF 70).  Wolff sent a separate letter to

Ellingwood at the same address, stating that that the display of the Mr.

Stubbs and Giant George Images within the Webecoist and Dogtime Articles

were not authorized, and included proof of the copyright for both images, as

well as a link to and screenshots of the Articles.  (SUF 72).  U.S. Postal

United States District Court
Central District of California

Service records show that the letters were delivered, and that "J. Ellingwood" signed both letters.  (SUF 73).  Wolff subsequently observed that the Buffalo Whisperer and Wiley Coyote Images were removed from www.craveonline.com, but that the Mr. Stubbs and Giant George Images had not been removed from www.webecoist.momtastic.com and www.dogtime.com.  (SUF 75).  Wolff thereafter sent another cease and desist letter to Ellingwood noting that the Mr. Stubbs and Giant George Images had not been removed from the websites, (SUF 76); again, U.S. Postal Service records show that the letters were delivered, and that "J. Ellingwood" signed both letters, (SUF 77).  When the Images *still* were not taken down, Wolff sent a third letter, dated May 30, 2017.  (SUF 78).  Wolff and Ellingwood subsequently corresponded via email and telephone, and Ellingwood stated that he was aware of the alleged infringements.  (SUF 80-82).  On August 16, 2018, when the Images still were not taken down, Werner commenced this action.  (SUF 83).

In fact, at the time of filing of this action, the Mr. Stubbs and Giant George Images were still displayed on the www.webecoist.momtastic.com and www.dogtime.com, respectively.  The Giant George Image was still displayed on www.dogtime.com as of March 9, 2020.  (Motion at 15; SUF 84, 85).

## II.    LEGAL STANDARD

A motion for summary judgment or partial summary judgment shall be granted when there is no genuine issue as to any material fact and the

8

United States District Court
Central District of California

moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment.  *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).  "The moving party may produce evidence negating an essential element of the nonmoving party's case, or . . . show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000) (reconciling *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).  The nonmoving party must then "do more than simply show that there is some metaphysical doubt as to the material facts" but must show specific facts which raise a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, a court construes the evidence in the light most favorable to the non-moving party.  *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991).  "[T]he judge's function is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

### III.   DISCUSSION

### A.   Copyright Infringement

To prevail on a claim for copyright infringement, a plaintiff must prove (1) ownership of a valid copyright in the work at issue; and (2) defendants' infringement of the work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).  To establish a prima facie case of direct copyright infringement, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  *See also* § 4:12. *Infringement actions generally; Direct versus indirect infringement*, 1 Holmes, Intellectual Property and Antitrust Law § 4:12 ("A 'direct' infringer is anyone who directly exercises any of the copyright owner's exclusive rights without permission.").

A plaintiff must also show causation, or "volitional conduct," by the defendant, *see Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013), but does not need to demonstrate intent to infringe the copyright to establish infringement, *see UMG Recordings, Inc. v. Disco Azteca Distribs., Inc.*, 446 F. Supp. 2d 1164, 1172 (E.D. Cal. 2006).  The Ninth Circuit has held unequivocally that "volition" does not require willfulness; rather it "simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts."  *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (quoting 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.08[C][1] (2016) (Matthew Bender, Rev. Ed.)).

United States District Court
Central District of California

To maintain an action for copyright infringement, plaintiffs must demonstrate that they own the copyrights for the works in question.  *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1095 (N.D. Cal. 2002). A certificate of registration bearing the plaintiff's name "creates a presumption of ownership of a valid copyright," which the defendant must offer "some evidence" to rebut.  *Ent. Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).  When a plaintiff's name is not on the certificate of registration, however, the plaintiff must affirmatively prove ownership by establishing a complete chain of title. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 963 (9th Cir. 2011).

Here, Plaintiff has provided undisputed evidence that he has registered each of his works at issue.  As stated above, Plaintiff created the Giant George Image in 2009 and registered it with an effective registration date of November 11, 2009.  (See SUF 12-14).  He created the Buffalo Whisperer Image in 2012 and subsequently registered it with an effective registration date of May 16, 2014.  (See SUF 18-20).  He created the Mr. Stubbs Image in 2013 and registered it with an effective registration date of March 13, 2013, (see SUF 22-24), and he created the Wiley Coyote Image in 2013 and registered it with an effective registration date of December 17, 2013, (see SUF 26-28).  Plaintiff has provided certificates of registration for each of the four images, and each certificate bears his name.  (*See* Exs. 2-5, Dkts. 66-7, 66-8, 66-9, 66-10).  Plaintiff therefore has established ownership of the four images.

11

United States District Court
Central District of California

To demonstrate direct copyright infringement, Plaintiff must also show "'copying of constituent elements of the work *that are original*.'" *Funky Films, Inc. v. Time Warner Ent. Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)) (emphasis added).  Plaintiffs have done so here.  Here, "[t]t is undisputed that Werner's Buffalo Whisperer and Wiley Coyote Images were displayed with the Crave Article without a license (SUF 53-54) and that Werner's Mr. Stubb's Image was displayed with the Webecoist Article without a license (SUF 61, 63)." (Dkt. 66 at 18).  Similarly, although Plaintiff's Giant George Image was not licensed for use in the Dogtime Article, it was displayed in the Dogtime Article.  (SUF 64-65, 67).  It is also undisputed that the websites displayed each image in its entirety, and that the images contain original elements.  (SUF 11, 53, 61).

### 1.  Mr. Stubbs, Buffalo Whisperer, and Wiley Coyote Images

Plaintiff claims here that Defendants TotallyHer and CraveOnline directly infringed his copyrights of the Mr. Stubbs, Buffalo Whisperer, and Wiley Coyote Images.  "To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that the *defendant himself* violated one or more of the plaintiff's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing *A & M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir.2001)) (emphasis added).  As Plaintiff has shown, TotallyHer and CraveOnline, as website operators, exert control over the content that appears on their websites by selecting articles for publication, paying the authors of those articles.  (SUF 35, 37, 49, 57).   By first affirmatively seeking and posting the content, and

United States District Court
Central District of California

1  then failing to remove the articles containing the Images at issue from the

2  websites they operate, Defendants TotallyHer and CraveOnline were the

3  proximate cause of the Images' appearance on their websites.  Their

4  actions, therefore, meet the Ninth Circuit's volition requirement.  TotallyHer

5  therefore has directly infringed Plaintiff's copyright as to the Buffalo

6  Whisperer and Wiley Coyote Images, and CraveOnline has directly infringed

7  Plaintiff's copyright as to the Mr. Stubbs Image.[1]

8

9     Plaintiff also argues that Defendant Evolve is vicariously liable for

10  copyright infringement of the Mr. Stubbs, Buffalo Whisperer, and Wiley

11  Coyote Images.  "A defendant is vicariously liable for copyright infringement

12  if he enjoys a direct financial benefit from another's infringing activity and

13  'has the right and ability to supervise' the infringing activity."  *Ellison v.*

14  *Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (quoting *A&M Records, Inc.*

15  *v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001), *as amended* (Apr. 3,

16  2001), *aff'd sub nom. A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th

17  Cir. 2002), and *aff'd sub nom. A&M Records, Inc. v. Napster, Inc.*, 284 F.3d

18  1091 (9th Cir. 2002).  Thus, a party "infringes vicariously by profiting from

19  direct infringement while declining to exercise a right to stop or limit it."

20  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930–31

21  (2005).  Here, Plaintiff has provided evidence that Evolve is responsible for

22  approving the articles and images that are displayed on CraveOnline and

23  www.webecoist.momtastic.com.  (SUF 51, 59).

24  —————————————

25  [1] It is true that, following Plaintiff's first cease-and-desist letter, Defendant Crav-
eOnline removed the Wiley Coyote and Buffalo Whisperer Images from

26  www.crave.com.  Prior to receipt of the letter, nevertheless, the elements of
direct copyright infringement were satisfied.

United States District Court
Central District of California

"A parent corporation cannot be held liable for the infringing actions of its subsidiary unless there is a substantial and continuing connection between the two with respect to the infringing acts." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985). Plaintiff has established such a connection here. Plaintiff has shown that CraveOnline and TotallyHer are wholly-owned subsidiaries of Evolve, and that Evolve supervises and controls the articles and images that appear on websites that CraveOnline and TotallyHer operate. (SUF 50, 51, 58, 59). Plaintiff has further shown that Evolve financially benefits from the display of articles and images on CraveOnline and TotallyHer websites. (SUF 52, 60, 66, 67). Furthermore, pursuant to Evolve's policies and procedures, a Managing Editor reviews all content that appears on CraveOnline and www.webecoist.momtastic.com prior to publication. (SUF 51, 59). Evolve itself, therefore, also has violated the Plaintiff's rights under copyright by failing to reject publication of the infringing Images, as have CraveOnline and TotallyHer by posting the articles on the websites.

As Plaintiff has provided evidence of Defendants' volitional display of the copyrighted images without a license, and Defendants have submitted no evidence to dispute this, the Court concludes that Defendants TotallyHer and CraveOnline have directly infringed Plaintiff's copyright of the Mr. Stubbs, Buffalo Whisperer, and Wiley Coyote Images, and that Defendant Evolve has vicariously infringed Plaintiff's copyright. The Court accordingly GRANTS Plaintiff's motion for summary judgment as to Defendants TotallyHer's liability for direct copyright infringement of the Buffalo Whisperer and Wiley Coyote Images, CraveOnline's liability for direct copyright

United States District Court
Central District of California

1  infringement of the Mr. Stubbs Image, and Defendant Evolve's vicarious

2  copyright infringement of all three images.[2]

3      2.  <u>Giant George Image</u>

4      In contrast to the Mr. Stubbs, Buffalo Whisperer, and Wiley Coyote

5  Images, the Giant George Image (contained in the Dogtime Article) was not

6  posted by any of the Defendants.  Instead, a third party posted the Dogtime

7  Article to the website www.dogtime.com.  Thus, rather than allege direct

8  infringement, Plaintiff here argues that Defendants TotallyHer, which

9  operates the www.dogtime.com website, and Evolve, TotallyHer's parent

10  corporation, vicariously infringed Plaintiff's copyright as to the Giant George

11  Image by allowing it to appear on the site.  (Motion 19-21).  As discussed

12  above, party "infringes vicariously by profiting from direct infringement while

13  declining to exercise a right to stop or limit it."  *Metro-Goldwyn-Mayer*

14  *Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930–31 (2005).  That is

15  precisely what occurred here.

16

17      It is undisputed that the Dogtime Article appeared on www.dogtime.com

18  in December 2013 and included copies of Plaintiff's Giant George Image,

19  which was not licensed for use in the Dogtime Article.  (SUF 64-65, 68).   It

20  is also undisputed that Defendant Evolve benefited financially from the

21  Dogtime Article.  (SUF 66-67).  TotallyHer acquired www.dogtime.com in

22  _____

23  [2] As the Court finds that Plaintiff has established a *prima facie* case against De-
fendants TotallyHer and CraveOnline for direct copyright infringement as to the Mr.

24  Stubbs, Buffalo Whisperer, and Wiley Coyote Images, it need not address whether
Defendants are also liable for contributory copyright infringement or vicarious cop-

25  yright infringement of those three images.  Similarly, having concluded that Evolve
is vicariously liable for copyright infringement of the Mr. Stubbs, Buffalo Whisperer,

26  and Wiley Coyote Images, the Court does not address Plaintiff's claims regarding
Evolve's contributory infringement of those images.

2014, (SUF 42), and continued to allow the Dogtime Article to appear, (SUF 67, 75, 78, 84-85).  As discussed above, the Dogtime Article was still up on the www.dogtime.com website as of March 9, 2020, (SUF 85), despite the fact that, TotallyHer, as website operator, and Evolve, as parent corporation with a policy of approving content on its subsidiaries' sites, were in a position to remove the Article from the website.  Moreover, Plaintiff has shown that Evolve and TotallyHer did not take down the Dogtime Article even after receiving notice that it contained the copyrighted Giant George Image.  (SUF 71-85).

The Court accordingly GRANTS Plaintiff's motion for summary judgment as to Defendants Evolve and TotallyHer's vicarious liability for copyright infringement of the Giant George Image.[3]

### B.   Defendants' Affirmative Defenses

Plaintiff also moves for summary judgment on all of Defendants' affirmative defenses.  (Motion at 23-32).  Although Defendants have the burden to prove their affirmative defenses at trial, Plaintiff has "both the initial burden of production and the ultimate burden of persuasion on the motion for summary judgment."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  To meet its burden of production, Plaintiff "must either produce evidence negating an essential element of" Defendants' affirmative defense or demonstrate that Defendants do "not have enough evidence of an essential element to carry its ultimate

---

[3] Having concluded that Defendants are vicariously liable for infringement of the Giant George Image, the Court need not address contributory liability.

16

burden of persuasion at trial." *Id.* To carry its ultimate burden of persuasion on the motion, Plaintiff must demonstrate that there is no genuine issue of material fact. *Id.* If Plaintiff "fails to carry its initial burden of production," Defendants have "no obligation to produce anything," even though it would have the ultimate burden of persuasion with respect to its affirmative defense of offset at trial. *Id.* at 1102-03.

The Court GRANTS Plaintiff's motion for summary judgment as to Defendants' first affirmative defense for "failure to state a claim," which in any case is not a proper affirmative defense. As demonstrated above, Plaintiff clearly has stated a claim for copyright infringement. Similarly, the Court GRANTS Plaintiff's motion for summary judgment as to Defendants' second affirmative defense for "authorized use." As discussed above, it is undisputed that Defendants displayed Plaintiff's photographs without a license; indeed, Defendants have admitted that Plaintiff did not authorize the use of his images on Defendants' websites. (See SUF 54, 63, 68).

The Court GRANTS Plaintiff's motion for summary judgment as to Defendants' third affirmative defense for fair use as a matter of law. To establish fair use, the Court looks to "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107. Here, each of these factors weighs heavily against Defendants.

First, it is undisputed that Defendants exploited the works commercially, derived financial benefit from displaying them on their websites, and did not "transform" the works in any way.  As such, the first factor weighs in Plaintiff's favor because a commercial use of copyrighted material is "presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright."  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008) (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 449 (1984)).  Second, the "nature of the copyrighted work" undoubtedly favors Plaintiff because photographs clearly are recognized as creative expressions that are appropriately covered by copyright.  *See, e.g.*, 17 U.S.C. § 102(a)(5) (providing that copyright protection applies to "pictorial, graphic, and sculptural" works); *Burrow-Giles Lithographic Co. v. Sarony*, 11 U.S. 53, 61 (1884) (holding that copyright protection extends to photographs, due to creative elements and authorship of the photographer).  Finally, the third and fourth factors weigh in Plaintiff's favor. Here, it is undisputed that Defendants used Plaintiff's copyrighted works in their entirety.  (SUF 53-54, 61, 65).  Moreover, a likelihood of market harm "may be presumed" here because Defendants' intended use of Plaintiff's works was for commercial gain.  *Leadsinger*, 512 F.3d at 531. Therefore, the Court concludes that Defendants could not prevail on their fair use defense as a matter of law.

The Court GRANTS Plaintiff's motion for summary judgment on Defendants' fourth affirmative defense as to *de minimis* use.  "[A] taking is considered *de minimis* only if it is so meager and fragmentary that the average audience would not recognize the appropriation."  *Fisher v. Dees*,

794 F.2d 432, 434 (9th Cir. 1986).  It is undisputed that Defendants displayed Plaintiff's photographs in their entirety.  Clearly, this is not a "meager" or "fragmentary" use, and the *de minimis* use defense fails.

The Court also GRANTS Plaintiff's motion for summary judgment as to Defendants' fifth defense for "safe harbor."  The Digital Millennium Copyright Act ("DMCA") creates four safe harbors to "provide protection from liability" from copyright infringement for "(1) transitory digital network communications; (2) system caching; (3) information residing on systems or networks at the direction of users; and (4) information location tools." *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 853 F.3d 1020, 1027 (9th Cir.), *opinion amended and superseded*, 873 F.3d 1045 (9th Cir. 2017) (citing 17 U.S.C. § 512(a)–(d)).  At issue here is Section 512(c), which creates safe harbor for "[i]nformation residing on systems or networks at direction of users."  17 U.S.C. § 512(c).  As Plaintiff notes, Evolve, not a third-party user, posted the Crave and Webecoist Articles, which contained, the Buffalo Whisperer, Wiley Coyote, and Mr. Stubbs Images.  (SUF 47, 55). The "safe harbor" defense therefore does not apply as to those three images.

It is not clear from the record before the Court who posted the Giant George Image.  Plaintiff's SUF merely states that "[i]n December 2013, an article appeared on www.dogtime.com titled "Best dog pictures of 2013[.]" (SUF 64).  Nevertheless, even assuming it was posted by a third-party user, Section 512(c)'s safe harbor still does not apply.  To qualify for DMCA safe harbor, a service provider must "designate[] an agent to receive notifications

19

United States District Court
Central District of California

of claimed infringement[.]"  17 U.S.C. § 512(c)(2).  The service provider

must "mak[e] available . . . on its website in a location accessible to the

public, and providing to the Copyright Office, . . . the name, address, phone

number, and electronic mail address of the agent."  17 U.S.C. §

512(c)(2)(A).  Here, the Giant George Image was posted before Defendants'

registration of a designated agent took effect.  (Exs. 27-29).  Furthermore,

the § 512(c) safe harbor is available only if the service provider "does not

have actual knowledge that the material or an activity using the material on

the system or network is infringing," 17 U.S.C. § 512(c)(1)(A)(i), "is not

aware of facts or circumstances from which infringing activity is apparent,"

17 U.S.C. § 512(c)(1)(A)(ii), and "upon obtaining such knowledge or

awareness, acts expeditiously to remove, or disable access to, the

material," 17 U.S.C. § 512(c)(1)(A)(iii).  In this case, it is undisputed that

Defendants did not remove the Image even after Plaintiff, through its agent

Wolff, provided notice that there was infringing content on the sites.  (SUF

71-85).  The 512(c) safe harbor provision therefore does not apply to the

Giant George Image.


    The Court GRANTS Plaintiff's motion for summary judgment as to

Defendants' sixth defense for failure to mitigate damages because "[t]he

existence of damages suffered is not an essential element of a claim for

copyright infringement" and therefore a failure to mitigate damages is not an

affirmative defense in this context.  *See Interscope Records, Motown

Record Co., L.P. v. Time Warner, Inc.*, No. CV 10-1662 SVW (PJWx), 2010

U.S. Dist. LEXIS 151460, at *44-48 (C.D. Cal. June 28, 2010).

United States District Court
Central District of California

The Court GRANTS Plaintiff's motion for summary judgment as to Defendants' seventh defense for lack of volitional act because, as addressed above, Defendants CraveOnline and TotallyHer's acts were volitional.

The Court also GRANTS Plaintiff's motion for summary judgment as to Defendants' eighth defense for "First Amendment/Free Speech" because the First Amendment is not a blanket defense against copyright infringement.  As the Supreme Court has held, "First Amendment protections [are] *already embodied* in the Copyright Act's distinction between copyrightable expression and uncopyrightable facts and ideas." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560 (1985) (emphasis added).  There is no evidence here that enforcement of Plaintiff's copyright infringes Defendants' First Amendment rights.

Finally, the Court GRANTS Plaintiff's motion for summary judgment as to Defendants' ninth defense for speculative damages because, as noted above, damages are not an essential element of a copyright infringement claim, and therefore speculative damages cannot be an affirmative defense.

## IV.   CONCLUSION

The Court, therefore, GRANTS Plaintiff's Motion for Summary Judgment as to Defendants TotallyHer's liability for direct copyright infringement of the Buffalo Whisperer and Wiley Coyote Images, CraveOnline's liability for direct copyright infringement of the Mr. Stubbs Image, and Defendant Evolve's vicarious copyright infringement of all three images.  The Court

further GRANTS Plaintiff's Motion for Summary Judgment as to TotallyHer and Evolve's vicarious infringement of Plaintiff's copyright as to the Giant George Image.

**IT IS SO ORDERED.**

Dated:  4/28/20

Virginia A. Phillips
Chief United States District Judge