Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

Attorney for Plaintiff,
JEFFERY R. WERNER,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY R. WERNER,<br><br>                              Plaintiff,<br><br>v.<br><br>EVOLVE MEDIA, LLC;<br>CRAVEONLINE, LLC; TOTALLY<br>HER MEDIA, LLC and DOES 3-25,<br>inclusive,<br><br>                              Defendants. | Case No. 2:18-cv-07188-VAP-SK<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>**Hearing Date:** June 15, 2020<br><br>**Hearing Time:** 2:00 p.m.<br><br>**Courtroom:** 8A |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 15, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Virginia A. Phillips of the above-titled court, located at the United States Courthouse, 350 West First St., Los Angeles, CA, 90012, Courtroom 8A, 8th Floor, Plaintiff Jeffery R. Werner ("Plaintiff" or "Werner") will move for an award of attorneys' fees and costs in the amount of $51,151.03. against Defendants Evolve Media, LLC ("Defendant Evolve"), CraveOnline, LLC ("Defendant Crave"), and Defendant Totally Her Media, LLC ("Defendant Totally Her") pursuant to Federal Rules of Civil Procedure 54(d)(2)(B)(i), Local Rule 54-7, and 17 U.S.C. § 505.

Prior to the filing of this Motion, on April 30, 2020 Plaintiff's counsel met

1   and conferred with Defendants' counsel Ricardo Chavez in accordance with Local
2   Rule 7-3. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶3.

3       This Motion is based on this Notice of Motion, the attached memorandum of
4   points and authorities, the declaration of Ryan E. Carreon in support, and the
5   pleadings, files and other materials that are on file with the Court or may be
6   presented at the hearing.

7

8   DATED: May 12, 2020                    Respectfully submitted,

9

10                                          **/s/ Ryan E. Carreon**
                                            Ryan E. Carreon, Esq.
11                                          Cal. Bar No. 311668
12                                          **HIGBEE & ASSOCIATES**
                                            1504 Brookhollow Dr., Ste 112
13                                          Santa Ana, CA 92705-5418
                                            (714) 617-8336
14                                          (714) 597-6559 facsimile
15                                          *Counsel for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR ATTORNEYS' FEES**

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3      This is a copyright infringement case brought by Plaintiff Jeffery R. Werner

4  ("Werner") against Defendants Evolve Media, LLC, CraveOnline, LLC, and

5  Totally Her Media, LLC (collectively "Defendants").

6      Werner is the creator and rights holder to four photographs ("Images") of

7  various odd and eccentric subject matter. Defendants own and operate a number of

8  editorial websites. At various times, Defendants copied and displayed the Images

9  on their editorial websites without permission or purchasing a license from Werner.

10     In 2017, Werner, through his agent Brian Wolff, sent a number of cease and

11  desist letters to Defendants' general counsel Josh Ellingwood containing

12  screenshots of the infringing use of Werner's Images on Defendants' websites.

13  Wolff also communicated directly with Ellingwood by email and telephone.

14  Despite the communications with Ellingwood, Defendants did not remove the

15  Images from their websites.

16     On August 18, 2018, Werner commenced this lawsuit for copyright

17  infringement. Dkt #1. At the time the lawsuit was commenced, two of the Images

18  had not been removed from Defendants' websites. On March 9, 2020, Werner filed

19  a Motion for Summary Judgment as to his claims of copyright infringement and as

20  to Defendants nine affirmative defenses. Dkt. #63. On April 28, 2020, the Court

21  granted Werner's Motion in its entirety. Dkt. #68. That same day, the Court entered

22  Judgment in Werner's favor. Dkt. #69.

23     Pursuant to Pursuant to Federal Rules of Civil Procedure 54(d)(2)(B)(i),

24  Local Rule 54-7, and 17 U.S.C. § 505, Werner now moves for an award of

25  attorneys' fees and costs in the amount of $51,151.03.

26  **II.     LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES**

27     Under the Copyright Act, the Court has the discretion to award reasonable

28  attorneys' fees and costs to the prevailing party. *See* 17 U.S.C. § 505.

1

**MOTION FOR ATTORNEYS' FEES**

No precise formula governs whether a court should exercise its discretion to grant attorneys' fees to the prevailing party. *See Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 (1994). Rather, "§ 505 grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons*, Inc., 136 S. Ct. 1979, 1985 (2016). When determining whether to award fees, courts consider a nonexclusive list of factors including (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective reasonableness of the losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence. *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006); *see Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). A court should give substantial weight to the reasonableness of the losing party's litigating position but must also take into account the other relevant factors. *See Kirtsaeng*, 136 S. Ct. at 1983, 1988-89. In applying these factors, the Court must remain "faithful to the purposes of the Copyright Act," which was intended to discourage infringement and enrich the public through access to creative works. *Fogerty*, 510 U.S. at 526-27, 534 n.19; *see Kirtsaeng*, 136 S. Ct. at 1989.

Here, Werner is clearly the prevailing party and is therefore eligible for attorneys' fees. On April 28, 2020, the Court granted Werner's Motion For Summary Judgment in its entirety as to each of Werner's claims for copyright infringement and each of Defendants' affirmative defenses. Dkt. #68. The Court subsequently entered judgment in favor of Werner and against Defendants stating that Werner is "entitled to pursue an award of … attorneys' fees." Dkt. #69. Thus, Werner is clearly the prevailing party as required for fees under § 505.

Pursuant to Federal Rules of Civil Procedure 54(d)(2)(B)(i) and Local Rule 54-7 a motion for attorneys' fees must be filed no later than 14 days after entry of judgment[1] which, in this case, occurred on April 28, 2020. The instant Motion

---

[1] Werner is aware that this Motion is being brought before damages have been assessed

**MOTION FOR ATTORNEYS' FEES**

1    being filed exactly 14 days after entry of judgment, Werner has therefore timely

2    sought a fee award.

3        As explained more fully below, each of the aforementioned factors weighs

4    substantially in favor of awarding attorneys' fees in the amount sought.

5        **A. Werner Has Obtained Complete Success.**

6        The "degree of success" factor clearly weighs in favor of Werner. As

7    previously explained, the Court granted Werner's Motion For Summary Judgment

8    in its entirety as to each of Werner's claims for copyright infringement and each of

9    Defendants' affirmative defenses. Dkt. #68. Werner indisputably obtained a

10   complete success on the merits of his claim.

11       Therefore, Werner's Motion for Attorneys' Fees should be granted.

12       **B. Werner's Lawsuit Was Not Frivolous Or Improperly Motivated.**

13       This factor also weighs in favor of Werner.

14       First, Werner's lawsuit was clearly not frivolous. Not only did Werner

15   completely prevail on his Motion for Summary Judgment, the fact the Werner was

16   able to prevail on all claims and defenses as a matter of law shows the overall

17   strength of his case.

18       Second, as to Werner's motivation in filing suit, this too weighs in favor of

19   awarding attorneys' fees. As the Court pointed out in its Order granting summary

20   judgment, Werner "sent repeated cease and desist letters" to Defendants' general

21   counsel Josh Ellingwood, "which Defendants ignored." Dkt. #68, p. 7. As of the

22   date of the filing of this action in 2018, two of the Images were still being display,

23   and as of the date of filing of Werner's Motion for Summary Judgment one of the

24   Images was still being displayed despite nearly two years of litigation. Dkt. #68, p.

25   7. Thus, while Werner certainly hoped to achieve monetary compensation for the

26   unauthorized use of his Images, Werner was also motivated to sue because some of

27   _____

28   related to the infringements at issue. The timing of this Motion is out of an abundance of
     caution so as not to run afoul of the 14-day deadline.

**MOTION FOR ATTORNEYS' FEES**

1    the Images remained in use on Defendants' websites despite repeated notice.

2           Therefore, Werner's Motion for Attorneys' Fees should be granted.

3           **C. Defendants' Conduct And Litigation Positions Were Unreasonable.**

4           A court should give significant weight to the reasonableness of the losing

5    party's litigating position. *See Kirtsaeng*, 136 S. Ct. at 1983, 1989. Here, this factor

6    clearly weighs in favor of Werner.

7           Defendants raised nine separate affirmative defenses to Werner's claims for

8    copyright infringement. In its Order granting summary judgment as to all nine

9    affirmative defenses, the Court recognized that all of the asserted defenses lacked

10   objective merit. The Court noted that Defendants' First, Sixth, and Ninth

11   affirmative defenses were not, in fact, valid affirmative defenses at all. Dkt. #68,

12   pp. 16-21. Thus, it was objectively unreasonable for Defendants to raise such

13   "defenses."

14          The Court also noted significant issues with the remaining affirmative

15   defenses. As to the Second affirmative defense for "authorized use" the Court noted

16   that Defendants themselves admitted that Werner did not authorize them to use the

17   Images. Dkt. #68, p. 17. Thus, it was objectively unreasonable for Defendants to

18   claim the use was authorized while expressly conceding that it wasn't.

19          As to the affirmative defense of "fair use" the Court found that all four

20   factors weighed in favor of Werner and none weighed in favor of Defendants. Dkt.

21   #68, p. 18. Since the undisputed evidence overwhelmingly weighed in Werner's

22   favor, this suggests that Defendants' claim of fair use was not objectively

23   reasonable.

24          For the Fourth affirmative defense of *de minimis* use, the Court recognized

25   that Defendants used the Images in their entirety, which cut directly against the

26   "meager" of "fragmentary" use required for *de minimis* defense. Dkt. #68, pp. 18-

27   19. It was therefore objectively unreasonable to claim that the wholesale

28   infringement that occurred was *de minimis*.

As to the Fifth Affirmative Defense for safe harbor, the Court recognized that this defense did not apply to three of the Images at issue, furthermore, with respect to the fourth Image, the Court recognized that Defendants failed to comply with the statutory requirements to avail themselves of safe harbor. Dkt. #68, pp. 19-20. Because it is clear that safe harbor did not apply, it was objectively unreasonable to raise it as a defense.

Defendant's Seventh affirmative defense of "volitional act" was also objectively unreasonable. As the Court stated, the undisputed facts showed that Defendants acts were, in fact, volitional. Dkt. #68, pp. 21.

Likewise, Defendant's Eighth affirmative defense of "First Amendment" was also objectively unreasonable. The Court noted that the Supreme Court has previously held that "First Amendment protections [are] *already embodied* in the Copyright Act's distinction between copyrightable expression and uncopyrightable facts and ideas." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560 (1985) (emphasis added).  Thus, given clear Supreme Court precedent, it was objectively unreasonable for Defendants to raise this as a defense.

Finally, it should be noted that Defendants failed to oppose Werner's Motion for Summary Judgment. This suggests Defendants tacit acknowledgment that its litigation position was unreasonable and that it could not prevail.

Therefore, Werner's Motion for Attorneys' Fees should be granted.

**D. A Fee Award Would Advance The Policies Of The Copyright Act.**

The Supreme Court has stated that attorneys' fees should be awarded in a way that "encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." *Kirtsaeng*, 136 S. Ct. at 1986; *see also DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, at *1 (C.D. Cal. Oct. 25, 2013) (citing *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996)) ("Attorneys' fees are proper when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act.").

An award of attorneys' fees in this case would advance considerations of compensation and deterrence. As the Court recounted in its Order granting Summary Judgment, Werner made extensive efforts prelitigation by sending numerous cease and desist letters to Defendants' general counsel, Josh Ellingwood, alerting Defendants to the infringement. Dkt. #68 pp. 7-8. Werner's agent, Brian Wolff, communicated directly with Ellingwood via email and even spoke to him on the telephone. Dkt. #68 pp. 8. Despite this, Defendants failed to remove the Images, and the Images were still not taken down when Werner commenced this action nearly a year later. Dkt. #68 pp. 8. Furthermore, when Werner filed his Summary Judgment Motion on March 9, 2020, Defendants had still not removed one of the Images from their web server. Dkt. #68 pp. 8.

An award of fees would advance the policies of compensation and deterrence. It is clear from the record that Defendants acted with great indifference to Werner's multiple attempts to resolve the matter outside of litigation. Not only that, but some of the infringing activity continued unabated for years after Werner's agent first made contact with Defendants' general counsel in 2017. Defendants' conduct essentially forced Werner to file suit in order to vindicate his rights. An award of fees would discourage and deter future infringers from acting in such an unreasonable manner. Additionally, Defendants' conduct has had the direct result of requiring Werner to devote substantial time and expense to litigate this case in court, which could have been spent on more profitable or creative endeavors. A fee award in this instance would also serve the dual purpose of compensating Werner for the time and money invested in the litigation.

Therefore, Werner's Motion for Attorneys' Fees should be granted.

## III.   THE AMOUNT SOUGHT IS REASONABLE

To determine a reasonable attorneys' fee, the Court must determine a reasonable "lodestar" fee by multiplying the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate. *McElwaine v. US*

*West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The burden is on the plaintiff to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ibid.* (quoting *Blum*, 465 U.S. at 895 n.11). Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)

"A trial court has broad discretion to determine the reasonable amount of an attorney fee award, including whether to increase or decrease the lodestar figure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1141 n.80 (E.D. Cal. 2011). Although the court has broad discretion in determining attorneys' fee awards, it must provide some indication or explanation as to how it arrived at the amount of fees awarded." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 907 (9th Cir. 2002).

Here, four attorneys and a number of support staff at Higbee & Associates worked on this case, however Werner elects to only seek fees for work performed by attorney Ryan E. Carreon who was the primary attorney on this matter, and waives any additional time performed by other attorneys and staff. This is done in order to eliminate any duplicative and excessive work. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶ 5.

Here, Higbee & Associates operates exclusively on a contingent basis and therefore does not have a traditional hourly rate that it typically charges its clients. Nevertheless, an hourly rate of $380 for attorney Carreon would be appropriate and is in line with prevailing market rates for attorneys with similar levels of experience handling copyright cases the Los Angeles area. Carreon Decl. ¶¶ 6-7. In the 2013

**MOTION FOR ATTORNEYS' FEES**

1    copyright case *DuckHole Inc. v. NBCUniversal Media LLC* the court accepted an
2    hourly rate of $380 for a third year associate and noted that the rates sought fall
3    within the range of rates charged by similarly situated attorneys in the Los Angeles
4    area. *DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, at *5 (C.D.
5    Cal. Oct. 25, 2013).

6         Likewise, attorney Carreon is a junior associate with four years experience
7    practicing exclusively intellectual property litigation. Carreon Decl. ¶¶ 8-10. He has
8    litigated a multitude of cases to judgment, and has argued cases in front of the
9    California State Court of Appeals and Ninth Circuit. Carreon Decl. ¶ 11. Therefore,
10   the requested rate of $380 an hour, which is the same as the three-year associate
11   rate awarded in *Duckhole* in 2013, is appropriately commensurate with the
12   prevailing market rates for attorneys in his practice area and with his level of
13   experience.

14        Furthermore, the number of hours incurred in reasonable give the nature of
15   this case. Attorney Carreon incurred 132.2 hours prosecuting this case from
16   inception through judgment as reflected in the contemporaneous timesheet
17   submitted herewith. Carreon Decl. ¶ 13, Exhibit A.  This case has been pending
18   since August 16, 2018, or approximately 90 weeks. Thus, attorney Carreon
19   averaged a modest 1.5 hours per week working on this matter. This is incredibly
20   reasonable considering that counsel was involved in tasks such as:

21        -   Drafting of the complaint and compiling the exhibits;
22        -   Preparing for and attending an all day mediation;
23        -   Drafting and responding to voluminous written discovery;
24        -   Drafting a Motion for Leave to file and amended complaint;
25        -   Drafting and preparing supporting documentation for Werner's Motion
26            for Summary Judgment;
27        -   Drafting the instant Motion for Attorneys' Fees.

28

1    In addition to attorneys' fees, the Copyright Act gives federal district courts
2    discretion to award "full costs" to a party in copyright litigation. *See* 17 U.S.C. §
3    505; *see also Elohim EPF USA, Inc. v. Karaoke Phoenix, Inc*., 2019 WL 3781598,
4    at *3 (C.D. Cal. Aug. 12, 2019) ("The Court  has authority to grant the recovery of
5    full costs . . . to ... the prevailing party.").

6    Here, Werner has incurred costs of $915.03 representing a filing fee, service
7    of process fees, and FedEx fees. Carreon Decl. ¶¶ 12-13, Exhibit A.

8    **IV.    WERNER IS ALSO ENTITLED TO TIME SPENT ON THIS MOTION**

9    "In statutory fee cases, federal courts, including our own, have uniformly
10   held that time spent in establishing the entitlement to and amount of the fee is
11   compensable." *Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 981 (9th Cir.
12   2008) (*quoting In re Nucorp Energy, Inc*., 764 F.2d 655, 659-660 (9th Cir. 1985));
13   *see also Fogerty*, 1995 WL 261504, at *7 (awarding prevailing defendant "fees-on-
14   fees"). Werner has included the time spent on this Motion in the time sheet
15   submitted concurrently herewith and will submit for the Court's review additional
16   time sheets for time incurred drafting a Reply.

17   **V.    CONCLUSION**

18   In conclusion, Plaintiff Jeffery R. Werner respectfully requests that he be
19   awarded attorneys' fees and costs in the amount of $51,151.03.

20

21   DATED: May 12, 2020                          Respectfully submitted,

22

23                                               **/s/ Ryan E. Carreon**
                                                 Ryan E. Carreon, Esq.
24                                               Cal. Bar No. 311668
25                                               **HIGBEE & ASSOCIATES**
                                                 1504 Brookhollow Dr., Ste 112
26                                               Santa Ana, CA 92705-5418
27                                               (714) 617-8336
                                                 (714) 597-6559 facsimile
28                                               *Counsel for Plaintiff*

**MOTION FOR ATTORNEYS' FEES**

1
2

## PROOF OF SERVICE

I, the undersigned, say:

3
4
5
6

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

7
8

On May 12, 2020 I caused to be served the foregoing documents:

9
10

**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; DECLARATION OF RYAN E. CARRREON; APPLICATION TO TAX COSTS; [PROPOSED] ORDER**

11
12
13
14

X      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

15
16

**Ricardo Alan Chavez**     rchavez.law@gmail.com

17
18
19

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on May 12, 2020 at Santa Ana, California.

20
21

*/s/ **Ryan E. Carreon***
Ryan E. Carreon

22
23
24
25
26
27
28

10
**MOTION FOR ATTORNEYS' FEES**