UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffery R. Werner,<br><br>    Plaintiff,<br><br>v.<br><br>Evolve Media, LLC, et al.,<br><br>    Defendants | 2:18-cv-7188-VAP-SKx<br><br>**Order GRANTING Plaintiff's Motion for Damages (Dkt. 76)** |

Before the Court is Plaintiff Jeffery Werner's Motion for Damages, filed May 25, 2020.  ("Motion," Dkt. 76).  Defendants Evolve Media, LLC, Craveonline, LLC, and Totallyher Media, LLC (collectively, "Defendants") did not oppose the Motion.

After considering all papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court hereby GRANTS the Motion.

## I. BACKGROUND

On August 16, 2018, Plaintiff Jeffery Werner ("Plaintiff") filed a Complaint against Defendants for damages and injunctive relief from copyright infringement.  (Dkt. 1).  After engaging in settlement negotiations, on August 30, 2019, Plaintiff filed a First Amended Complaint, again alleging

copyright infringement in violation of 17 U.S.C. § 101 *et seq.* (Dkt. 43, "FAC"). On March 9, 2020, Plaintiff filed a Motion for Summary Judgment, (Dkt. 66), which Defendants did not oppose.

The Court granted summary judgment for Plaintiff on April 28, 2020, finding that Defendants committed four acts of copyright infringement of photographs owned by Plaintiff by authorizing unlicensed display of the images on Defendants' websites. (Dkt. 68). The four photographs are: (1) the Giant George Image; (2) the Buffalo Whisperer Image; (3) the Mr. Stubbs Image; and (4) the Wiley Coyote Image.[1] (Dkt. 68 at 4-5). The Court held that Plaintiff was "entitled to pursue an award of statutory damages and attorneys' fees in connection with the infringements of the Buffalo Whisperer, Wiley Coyote, Mr. Stubbs, and Giant George Image." (Dkt. 69).

Pursuant to that Judgment, Plaintiff now seeks a total of $200,000 in statutory damages under the Copyright Act for Defendants' infringement of his four copyrighted images: $10,000 in statutory damages each for infringement of the Wiley Coyote and Buffalo Whisperer Images, and $90,000 in statutory damages each for infringement of the Mr. Stubbs and Giant George Images. (Motion at 14).

---

[1] Each Image is described in greater detail in the Court's April 28, 2020 Summary Judgment Order.

2

## II. LEGAL STANDARD

The Copyright Act provides that "an infringer of copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer ... or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). Statutory damages further "compensatory and punitive purposes," and help "sanction and vindicate the statutory policy of discouraging infringement." *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009) (quoting *L.A. News Serv. v. Reuters Television Int'l,* 149 F.3d 987, 996 (9th Cir. 1998)).

Section 504(c)(1) provides, in relevant part, that "the copyright owner may elect, at any time before final judgment, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually ... in a sum not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). *See also Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("A plaintiff may elect statutory damages for copyright infringement regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits.") (internal quotations and citation omitted).

If the court finds that the infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "A defendant's willful intent to infringe on a mark need not be proven directly, but may be inferred from

circumstantial evidence of his conduct." *N. Face Apparel Corp. v. Dahan*, No. 13-04821 MMM (MAN)x, 2014 WL 12558010, at *18 (C.D. Cal. Oct. 6, 2014).

The trial court has "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). A court must be guided by "'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like.'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting F.*W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232 (1952)). "Relevant factors to consider include the expenses saved and profits reaped by the infringers, the revenues lost by the plaintiff, the infringers' state of mind (willful, knowing, or merely innocent), the value of the copyright, and the deterrent effect on the defendant and others. In calculating statutory damages, some courts have also looked to estimates of actual damages." *Adams v. Agrusa*, No. 2:15-CV-07270-SVW-RAOx, 2016 WL 7665767, at *3 (C.D. Cal. July 20, 2016).

### III. DISCUSSION

The Court begins by considering whether the damages sought fall within the statutory range specified in the Copyright Act. Here, Plaintiff requests damages of $10,000 for each of the Wiley Coyote and Buffalo Whisperer Images and $90,000 for each of the Mr. Stubbs and Giant George Images. (Motion at 14). Where there is no finding of willfulness, the Copyright Act provides that "the copyright owner may elect, at any time before final

4

judgment, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually ... in a sum not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Thus, the damages sought for the Wiley Coyote and Buffalo Whisperer Images are within the statutory range regardless of willfulness.

If the court finds that the infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Thus, the damages sought for the Mr. Stubbs and Giant George Images are within the statutory range only if infringement of those images was willful. A finding of willfulness must be supported by "substantial evidence (1) that the infringing party was actually aware of the infringing activity, or (2) that the infringing party's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 748 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 122 (2019) (internal quotations and citation omitted). To establish willful blindness, a party must show that the infringing party "(1) subjectively believed that infringement was likely occurring on their networks and that they (2) took deliberate actions to avoid learning about the infringement." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013). The fact that a party "refus[es], as a matter of policy, to even investigate or attempt to determine whether particular [photos] are subject to copyright protections" can demonstrate reckless

disregard. *Unicolors, Inc. v. Urban Outfitters*, Inc., 853 F.3d 980, 992 (9th Cir. 2017).

Here, Plaintiff has established that Defendants' infringement of all of the Images at issue was willful, and shown that Defendants exhibited reckless disregard to Plaintiff's rights as the holder of the copyright of all four images. This is clear from Defendant Evolve's own Image Use Policy, which states that, although the use of unlicensed images "is considered copyright infringement legally speaking, content owners might not press the issue because it may help to integrate their brands into the culture to have their works copies [*sic*] around the internet in very small bites." (Motion at 6 (quoting Dkt. 66-23)). Clearly, Defendant *as a matter of policy* either refused to investigate the copyright status of images it displayed on its websites or, even after having learned that the images were copyrighted, indicated that a willingness to continue to display them without a license. Such conduct constitutes reckless disregard. *See Unicolors, Inc.*, 853 F.3d 980.

Furthermore, as this Court previously found in its April 28, 2020 Order, on May 16, 2017, Plaintiff's agent, Brian R. Wolff, sent a cease and desist letter to Josh Ellingwood, General Counsel for Defendants, stating that the display of the Mr. Stubbs and Giant George Images within the Webecoist and Dogtime Articles were not authorized, and included proof of the copyright for both images, as well as a link to and screenshots of the Articles. (Dkt. 68 at 8). U.S. Postal Service records show that the letters were delivered, and that "J. Ellingwood" signed both letters. (*Id.*).

Defendants did not remove the Images after receipt of the letter. Thus, as of May 16, 2017, Defendants had actual notice of the infringement of the Mr. Stubbs and Giant George Images, rendering their infringement willful under the first prong identified in *VHT, Inc.*, 918 F.3d 723.

Furthermore, Plaintiff points out that Defendant Evolve "has been sued at least ten separate times for copyright infringement of photographs," and further that, at least in the case of the Mr. Stubbs Image, Defendant Evolve ignored the clear watermark on the Image, allowing the image to be published anyway. (Motion at 6). Each of these suggests that Defendant Evolve was well aware of the possibility of infringement.

Thus, for the reasons stated above, Plaintiff has shown that Defendants' infringement of the Wiley Coyote, Buffalo Whisperer, Mr. Stubbs, and Giant George Images was willful. The damages sought for Defendants' infringement of the Wiley Coyote and Buffalo Whisperer Images, in addition to those sought for the Mr. Stubbs, and Giant George Images, are well under the statutory maximum of $150,000 per willfully infringed work.

Having found that the proposed damages fall within the statutory range, the Court next considers whether the proposed damages are reasonable. Plaintiff provides multiple justifications for the proposed award of damages, but the primary argument is based on the estimated lost licensing fees from violation of the copyrights for each of the four Images. As Plaintiff argues, courts in this circuit routinely double or triple estimated licensing fees to determine the appropriate statutory damages in copyright cases. *See, e.g.*,

*Michael Grecco Prods., Inc. v. WrapMarket, LLC*, 2017 WL 10434020, at *5 (C.D. Cal. Nov. 8, 2017) (awarding three times the license fee in statutory damages for photography infringement); *see also Broad. Music Inc. v. Paden*, 2011 WL6217414, at *5 (N.D. Cal. Dec. 14, 2011) ("[C]ourts have consistently held that a statutory damages award three times the amount that the plaintiff would have received in licensing fees is appropriate under § 504(c)."). Such an approach is consistent with the Copyright Act's purpose of deterring copyright infringement. Indeed, as the Supreme Court has held, "a rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). The Court finds it reasonable to do the same here.

Plaintiff used the software fotoQuote to estimate the licensing fees his images would have commanded, concluding "the mid range fotoQuote fee of $445 per month per Image represents a fair market value that [Plaintiff] would have charged Defendant Evolve had it properly licensed the Images." (Motion at 11). Although Plaintiff has not provided, and the Court has not found, any cases within the Ninth Circuit in which a court has relied on fotoQuote to estimate licensing fees, Plaintiff has supported the fotoQuote estimate by providing evidence of actual licensing fees he has received for the Images, all of which are higher than the fotoQuote estimate used to

calculate damages.[2] The Court therefore concludes that this estimate for the licensing fees is reasonable.

Plaintiff arrives at his estimate of damages by multiplying the estimated licensing fee by the amount of time the relevant image has been displayed without authorization. Thus, for the Giant George Image, which has appeared on Defendant's website since December 2013 and was not removed as of March 2020, Plaintiff estimates the image was used without authorization for approximately 75 months. (Motion at 12). Employing similar methodology for the other images, Plaintiff estimates lost licensing fees of $5,340 for the Wiley Coyote Image (a rate of $445 per month for the approximately 12-month period between June 20, 2016 and May 16, 2017); $5,340 for the Buffalo Whisperer Image (a rate of $445 per month for the approximately 12-month period between June 20, 2016 and May 16, 2017)[3]; and $28,925 for the Mr. Stubbs Image (a rate of $445 per month for the 65-month period between March 25, 2013 and August 2018). (Motion at 11-12). The Court finds these calculations reasonable.

---

[2] Plaintiff states that he was paid "$700 by a North American publication for a one-time use" of the Wiley Coyote Image "in print and two weeks Online" in 2014; between $584 and $687 for one month's use of the Giant George Image in various parts of Europe in 2010; $976.50 "for one month's use of the Buffalo Whisperer Image in the U.K." in 2012; and $562.99 "for one month's use of the Mr. Stubbs Image in Germany" in 2013. (Motion at 11) (citing Dkt. 76-1, Declaration of Jeffery Werner).

[3] The Court notes that this time period is closer to 11 months, rather than 12, as Plaintiff states. Nevertheless, because all lost licensing fees are simply estimates, and the Court has discretion to add a multiplier, the Court does not dispute the figures. In any case, using a time period of 11 months would yield an estimate of lost licensing fees of $4895; doubling that fee yields an estimate of statutory damages of $9,790, very close to the Court's ultimate damages award.

9

Plaintiff proposes doubling the lost licensing fees for the Wiley Coyote and Buffalo Whisperer Images, which Defendant removed after receiving a cease and desist letter, for a total of $10,000 in statutory damages for each image. Plaintiff next proposes tripling the lost licensing fees for the Mr. Stubbs and Giant George Images, neither of which Defendant removed after receiving a cease and desist letter. Indeed, Defendant continued to display the Giant George Image well into the pendency of the lawsuit, until Plaintiff filed for summary judgment. (Motion at 13). Plaintiff thus requests a statutory damages award of $90,000 each for the Mr. Stubbs and Giant George Images. (*Id.*). The Court finds these multipliers reasonable in light of the deterrent and punitive purposes of statutory damages pursuant to the Copyright Act for willful copyright infringement.

## IV. CONCLUSION

The Court therefore GRANTS the Motion for Damages.

**IT IS SO ORDERED.**

Dated: 6/22/20

Virginia A. Phillips
United States District Judge