1 | Shanen R. Prout (Cal. State Bar No. 236137)
2 | shanen@srplawyer.com
| LAW OFFICE OF SHANEN R. PROUT
3 | 11400 W. Olympic Blvd., Suite 700
4 | Los Angeles, CA 90064
| Tel. (424) 208-6399
5 | Fax: (310) 494-9382

6 | Attorneys for Defendants
7 | EVOLVE MEDIA, LLC, CRAVEONLINE LLC
| and TOTALLYHER MEDIA, LLC
8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

11

| JEFFERY WERNER,                              | Case No. 2:18-cv-07188-VAP-SK
|                                              |
| Plaintiff,                                   | Hon. Virginia A. Phillips, Courtroom 8A
|                                              |
| v.                                           | **DECLARATION OF RICARDO A. CHAVEZ IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF FROM THE ORDER AND JUDGMENT ON PLAINTIFF'S MOTION FOR DAMAGES**
| EVOLVE MEDIA, LLC, CRAVEONLINE LLC and TOTALLYHER MEDIA, LLC, and DOES 3 through 25, |
|                                              |
| Defendants.                                  | Date: August 24, 2020
|                                              | Time: 2:00 p.m.
|                                              | Courtroom: 8A
|                                              |
|                                              | Case filed: August 16, 2018
|                                              | Trial: none set

I, Ricardo A. Chavez, declare as follows:

1.      I am over the age of 18 and not a party in the above action.  I have personal knowledge of the matters stated in this declaration.  If called as a witness, I

- 1 -

could and would testify competently about those matters. I submit this declaration in connection with the defendants Evolve Media, LLC, Craveonline LLC, and TotallyHer Media, LLC's Motion for Relief from the Order and Judgment on Plaintiff's Motion for Damages (the "Motion).

2.      On or around January 6 to July of 2020, I was counsel of record in the above action for Defendants. On or around January 6, Defendants engaged me to represent them in the case. Defendants' engagement agreement with me was not limited in scope; I agreed to fully represent Defendants in the action until a settlement was reached, the case was closed, or his services were otherwise terminated.

3.      On February 6, I appeared in this case for Defendants after the Court granted Defendants' motion to substitute in myself as their counsel.

4.      Until approximately early March of 2020, I regularly communicated with Defendants' chief executive officer Aaron Broder about this action. Mr. Broder appeared to desire to aggressively defend Defendants in this action; he felt that Plaintiff's demands for money were unreasonable and irrational. As for my office's communication with Defendants, I only ever communicated with Mr. Broder about the case and I was the only one from my office to do so. I never told Mr. Broder that I would be unwilling or unable to do so.

5.      Until the Court entered its orders awarding Plaintiff $254,151.03 in damages and attorneys' fees and costs on June 22, 2020, Defendants and Plaintiff had been discussing a potential settlement of all claims. From on or about January 2020 to an indeterminate date in March 2020, I was involved in conducting settlement negotiations with Plaintiff's counsel.

6.      On March 9, Plaintiff filed his Motion for Summary Judgment (MSJ). I informed Mr. Broder on the telephone that Plaintiff had filed the MSJ. We discussed that I would attempt to secure a continuance of the MSJ hearing from opposing counsel, so that the parties could continue to explore settlement. I never obtained a

- 2 -

DECLARATION OF RICARDO A. CHAVEZ IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF

continuance, however. I asked Plaintiff's counsel if Plaintiff would agree to one, but opposing counsel refused to agree to a continuance. I did inform Mr. Broder of the MSJ and we discussed a strategy to delay the action. I never sent Defendants any of the MSJ papers or the Court's orders concerning it nor did Mr. Broder ask for a copy. I also never forwarded any notices of electronic filing related to the MSJ to Defendants nor did Mr. Broder ask for a copy. .

7.      Due to the strategy discussed between Mr. Broder and myself, I never filed an ex parte application or motion to continue the hearing on the MSJ.

8.      On or shortly after April 28, I contacted Mr. Broder to inform him that the Court had granted the MSJ on April 28. Mr. Broder was upset with me that the MSJ was granted. He asked me why I did not file an opposition or ask the Court to continue the MSJ hearing. I explained that this was part of the delay tactics that he had insisted upon I informed him that by reducing my hours and pay that he had effectively furloughed my services and that I would withdraw from representing Defendants. I explained what Plaintiff's would possibly do with the MSJ ruling but did not tell Mr. Broder what Defendants could expect from the Court after it granted the MSJ.

9.      On May 12, Plaintiff filed his Motion for Attorneys' Fees in this case. While I did contact Mr. Broder to inform him of this, I failed to provide Mr. Broder with the motion papers or any deadlines related to this motion nor did he request a copy. I never discussed this motion at all with Mr. Broder. I also never forwarded any notices of electronic filing for the motion to Mr. Broder. Other than discussing the delay tactics Mr. Broder insisted upon, I have no excuse for not discussing a defense to this motion with Defendants or opposing the motion itself. The reason I did not do so was as Mr. Broder had dismissed me and insisted on representing himself because I hoped he would hire another lawyer to substitute in for me and represent Defendants in opposing the motion. I did not want to work any further for Defendants after March 2020.

- 3 -

DECLARATION OF RICARDO A. CHAVEZ IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10.     In early May, Mr. Broder and I discussed my desire to withdraw as counsel for Defendants in this action.  I told Mr. Broder that I no longer wanted to represent Defendants.  Mr. Broder explained to me that Defendants would search for new counsel, but that I should continue representing Defendants in the meantime.  I explained that until the withdrawal was granted by the court that I would be considered the attorney of record, so I did not object nor refuse to do so.

11.     On May 14, I e-mailed Mr. Broder to inform him that I had "withdrawn [from my representation of Defendants] effective immediately."  Attached hereto as **Exhibit "A"** is a true copy of my e-mail that I sent to Mr. Broder.

12.     That same day, Mr. Broder responded to my May 14 e-mail asking to speak on the phone about this action and asking me to prepare a memorandum concerning the status of the case and upcoming activities.  **Exhibit "B"** is a true copy of the e-mail that Mr. Broder sent to me.  I have not provided Defendants with a memorandum or update on the case.

13.     On May 25, Plaintiff filed his Motion for Damages.  I failed to provide Mr. Broder with the motion papers or any deadlines related to this motion.  I also never forwarded any notices of electronic filing concerning the motion to Mr. Broder.  I never discussed this motion at all with Mr. Broder.  Other than the delaying strategy discussed, I have no excuse for not discussing this motion with Defendants or opposing the motion.  The reason I did not do so was because I hoped another lawyer would substitute in for me and represent Defendants in opposing the motion.

14.     As I considered it to be a trial tactic, I never engaged the services of a graphic arts or other expert witness to provide testimony on the proper and reasonable amount of licensing fees and royalties that Plaintiff should be awarded on his claims in this action.  In discussing this with the Defendants that such testimony might assist them in opposing the Motion for Damages and reducing the financial exposure for Defendants, Mr. Border's position was that the expenses for this would be put off for

- 4 -

trial and that I should continue to engage in negotiating a settlement.

15.    My office calendared all deadlines related to the MSJ and other motions, but I never communicated those deadlines to Defendants.

16.    Due to my personal medical issues, in discussions with opposing counsel concerning a possible continuance of the MSJ, I operated under the mistaken assumption that the COVID-19 quarantine would also delay the hearings for any motion such as the MSJ. I communicated this to the opposing counsel in my requests for a continuance, but they were rejected by the opposing counsel. I had been warned by my personal physician that I was at a high risk of complications and this affected my approach to any discussions with opposing counsel as well as the defendants.

17.    I believe that my agreement to work with the Defendants desire to delay any response to the MSJ and my failure to properly alert Defendants to the deadline to oppose the MSJ, and my failure to fully convey the importance of responding to the other motions and deadlines and to oppose them, has caused harm to Defendants. Based on communications after the ruling on the MSJ with Mr. Broder, I now believe that Defendants would have wanted to oppose the Motions for Damages and Motion for Attorney's Fees, if I had been able to properly convey the importance to the Defendants about the motions, and continue defending against Plaintiff's claims had Defendants prevailed on the Motion for Summary Judgment.

18.    I am a sole practitioner and sole proprietor. I do not provide my services through a business entity.

19.    I do not have any attorney malpractice insurance that might cover claims by Defendants against me related to my representation of them. At no time did I ever communicate to Defendants that I lacked malpractice insurance. I have no information that Defendants were ever aware that I lack such insurance.

20.    Defendants' current attorney Shanen Prout and I have discussed my representation of Defendants. Mr. Prout explained to me that Defendants believe I

- 5 -

DECLARATION OF RICARDO A. CHAVEZ IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF

have caused harm to them by not opposing the MSJ and the other motions.  Mr. Prout asked me if I would be willing to contribute a sum of money towards a settlement payment to Plaintiff that might resolve this action before entry of a money judgment against Defendants.  I explained to Mr. Prout that I was unable to pay any money at this time.

21.     Throughout my tenure as an attorney for Mr. Broder, he maintained that he wanted me to dedicate a minimum of 80% of my billable hours to his cases with the understanding that I would maximize my billable hours to as much as 90%. The 90% number was to allow me the time to roll up the cases I had been working on when I was engaged by Mr. Broder. As such I contacted all my clientele and explained that I would cease accepting work to accommodate Mr. Broder's request. I also arranged to defer any referrals to other attorneys and ceased accepting new cases.

22.     Between January 2020 and the date of this declaration, Defendants have paid me for the services which I provided. Even though these amounts were adjusted unilaterally by the Defendants because of Mr. Broder's claims of a decrease in his income due to the COVID-19 epidemic. Further, I desired to withdraw from representing Mr. Broder because he had breached our contract, he had failed to follow my instructions concerning his actions toward the opposing counsel as well as the opposing parties in the several cases I was managing for him. I therefore no longer wanted to represent Mr. Broder in any way whatsoever.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

DATED:  September 22, 2020

Ricardo A. Chavez, Esq.

- 6 -

DECLARATION OF RICARDO A. CHAVEZ IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF

# EXHIBIT "A"

**Shanen Prout**

| | |
|---|---|
| **From:** | Aaron Broder <aaron@evolvemediallc.com> |
| **Sent:** | Monday, July 13, 2020 4:04 PM |
| **To:** | Shanen Prout |
| **Subject:** | Fwd: Notice of Withdrawal |

---------- Forwarded message ---------
From: **Aaron Broder** <aaron@evolvemediallc.com>
Date: Tue, Jun 23, 2020 at 11:05 AM
Subject: Fwd: Notice of Withdrawal
To: Shanen Prout <shanen@srplawyer.com>

---------- Forwarded message ---------
From: **Ricardo Chavez** <rchavez.law@gmail.com>
Date: Thu, May 14, 2020 at 2:23 PM
Subject: Re: Notice of Withdrawal
To: Aaron Broder <aaron@evolvemediallc.com>

Aaron
I have withdrawn effective immediately. As I believe that our relationship has reached a point of un-tenability, it would
not be ethical for me to continue representing you in the piece meal fashion as you propose. There is a pre-trial matter
set for Monday morning and since there is little chance of my request to withdraw to be processed by then I will be
appearing to let the court know the status of our relationship only. I am also seeking guidance from the court clerk via
email and will let you know if your presence will be warranted.

As for any refund you have requested. I am withdrawing for cause, paragraph 4 of our retainer agreement states under
cause "If Attorney withdraws before completing Attorney's duties under this Contract, Client is not entitled to a refund
of some or the entire paid fee." I only granted you those additional 10 hours due to the convoluted manner in which you
requested work to be completed under your unilateral changes to our retainer agreement, which I have outlined in the
withdrawal letter.

R

On Thu, May 14, 2020 at 1:53 PM Aaron Broder <aaron@evolvemediallc.com> wrote:
> Please put opposing counsel in touch with me on the CPI Case.  I am letting him that I will not be attending and I am
> authorizing you to appear my behalf.  You are hereby not authorized ot act on my behalf or Evolve Media's
> behalf whatsoever.
>
> Regards,
>
> Aaron
>
> On Thu, May 14, 2020 at 1:26 PM Ricardo Chavez <rchavez.law@gmail.com> wrote:

1

Ex. A

Aaron

As we discussed yesterday I am applying to the different courts to withdraw from your representation. If you can arrange for a substitution of attorney in a timely manner please have them contact me at their earliest convenience. Attached you will find an email copy of my letter to you. Another will follow directly via USPS.

Good luck with your cases.

--
Regards,
Rax Chavez

The Law Office of Ricardo Chavez
425 South Beverly Drive
Beverly Hills, CA. 90212
310.553.8580

http://www.linkedin.com/in/raxchavez

Disclaimer: This email is meant for the confidential and sole use of the intended recipient.  Any distribution, use or copying of this e-mail or the information it contains by other than the intended recipient(s) is unauthorized.  Given the changing nature of laws, rules and regulations, and the inherent hazards of electronic communication, there may be omissions or inaccuracies in information contained in this email or its attachments.  All information provided in this email is provided "as is" with no guarantee of completeness, accuracy, timeliness or of the results obtained from the use of this information, and without warranty of any kind, express or implied, including, but not limited to warranties of performance, merchantability and fitness for a particular purpose.  If you are not the intended recipient, please notify me by return email and delete this communication and any copy immediately.  Thank you.

--
Regards,
Rax Chavez

The Law Office of Ricardo Chavez
425 South Beverly Drive
Beverly Hills, CA. 90212
310.553.8580

http://www.linkedin.com/in/raxchavez

Disclaimer: This email is meant for the confidential and sole use of the intended recipient.  Any distribution, use or copying of this e-mail or the information it contains by other than the intended recipient(s) is unauthorized.  Given the changing nature of laws, rules and regulations, and the inherent hazards of electronic communication, there may be omissions or inaccuracies in information contained in this email or its attachments.  All information provided in this email is provided "as is" with no guarantee of completeness, accuracy, timeliness or of the results obtained from the use of this information, and without warranty of any kind, express or implied, including, but not limited to warranties of performance, merchantability and fitness for a particular purpose.  If you are not the intended recipient, please notify me by return email and delete this communication and any copy immediately.  Thank you.

Ex. A

# EXHIBIT "B"

## Shanen Prout

| | |
|---|---|
| **From:** | Aaron Broder <aaron@evolvemediallc.com> |
| **Sent:** | Monday, July 13, 2020 4:17 PM |
| **To:** | Shanen Prout |
| **Subject:** | Fwd: Notice of Withdrawal |

---------- Forwarded message ---------
From: **Aaron Broder** <aaron@evolvemediallc.com>
Date: Thu, May 14, 2020 at 2:30 PM
Subject: Re: Notice of Withdrawal
To: Ricardo Chavez <rchavez.law@gmail.com>

Rax:

I am fine with waiving my right to a refund, provided that you can have a draft of a memo for each case and its current status.

This memo should include any legal proceedings and any next steps that need to be taken. If you cannot do this, can you please tell me how the new attorney would get up to speed on these various legal matters?

Moreover, I need to get the office number of Ms. Title informing her that I will not be appearing in mediation and will only do so when LA County makes it permissible to meet in person.

I also suggest a final call to thank you for your time and effort and so we can walk away with our heads held high.

Aaron

On Thu, May 14, 2020 at 2:23 PM Ricardo Chavez <rchavez.law@gmail.com> wrote:
Aaron
I have withdrawn effective immediately. As I believe that our relationship has reached a point of un-tenability, it would not be ethical for me to continue representing you in the piece meal fashion as you propose. There is a pre-trial matter set for Monday morning and since there is little chance of my request to withdraw to be processed by then I will be appearing to let the court know the status of our relationship only. I am also seeking guidance from the court clerk via email and will let you know if your presence will be warranted.

As for any refund you have requested. I am withdrawing for cause, paragraph 4 of our retainer agreement states under cause "If Attorney withdraws before completing Attorney's duties under this Contract, Client is not entitled to a refund of some or the entire paid fee." I only granted you those additional 10 hours due to the convoluted manner in which you requested work to be completed under your unilateral changes to our retainer agreement, which I have outlined in the withdrawal letter.

R

Ex. B

On Thu, May 14, 2020 at 1:53 PM Aaron Broder <aaron@evolvemediallc.com> wrote:

Please put opposing counsel in touch with me on the CPI Case.  I am letting him that I will not be attending and I am authorizing you to appear my behalf.  You are hereby not authorized ot act on my behalf or Evolve Media's behalf whatsoever.

Regards,


Aaron

On Thu, May 14, 2020 at 1:26 PM Ricardo Chavez <rchavez.law@gmail.com> wrote:

Aaron

As we discussed yesterday I am applying to the different courts to withdraw from your representation. If you can arrange for a substitution of attorney in a timely manner please have them contact me at their earliest convenience. Attached you will find an email copy of my letter to you. Another will follow directly via USPS.

Good luck with your cases.

--
Regards,
Rax Chavez

The Law Office of Ricardo Chavez
425 South Beverly Drive
Beverly Hills, CA. 90212
310.553.8580

http://www.linkedin.com/in/raxchavez

Disclaimer: This email is meant for the confidential and sole use of the intended recipient.  Any distribution, use or copying of this e-mail or the information it contains by other than the intended recipient(s) is unauthorized.  Given the changing nature of laws, rules and regulations, and the inherent hazards of electronic communication, there may be omissions or inaccuracies in information contained in this email or its attachments.  All information provided in this email is provided "as is" with no guarantee of completeness, accuracy, timeliness or of the results obtained from the use of this information, and without warranty of any kind, express or implied, including, but not limited to warranties of performance, merchantability and fitness for a particular purpose.  If you are not the intended recipient, please notify me by return email and delete this communication and any copy immediately.  Thank you.


--
Regards,
Rax Chavez

The Law Office of Ricardo Chavez
425 South Beverly Drive
Beverly Hills, CA. 90212
310.553.8580

http://www.linkedin.com/in/raxchavez

Disclaimer: This email is meant for the confidential and sole use of the intended recipient.  Any distribution, use or copying of this e-mail or the information it contains by other than the intended recipient(s) is unauthorized.  Given the changing nature of laws, rules and regulations, and the inherent hazards of electronic communication, there may be omissions or inaccuracies in information contained in this email or its attachments.  All information provided in this email is provided "as is" with no guarantee of completeness, accuracy, timeliness or of the results obtained from the use of this information, and without warranty of any kind, express or implied, including, but not limited to warranties of performance, merchantability and fitness for a particular purpose.  If you are not the intended recipient, please notify me by return email and delete this communication and any copy immediately.  Thank you.

2

Ex. B