UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **LACV 18-07188-VAP-SKx** | Date | November 10, 2020 |

Title  *Jeffrey R. Werner v. Evolve Media, LLC, et al.*

Present: The Honorable  VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| Christine Chung | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **MINUTE ORDER DENYING MOTION FOR RELIEF FROM JUDGMENTS AND ORDERS [115] (IN CHAMBERS)**

The Court has received and considered Defendants Evolve Media, LLC, Craveonline LLC, and Totallyher Media LLC's ("Defendants") "Motion for Relief from Judgments and Orders" ("Motion"), filed on October 19, 2020.  The Court finds the Motion appropriate for resolution without oral argument pursuant to Local Rule 7-15 and hereby VACATES the hearing set on November 16, 2020 at 2:00 p.m.  Having considered the papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion for the following reasons.

**I.    Background**

On August 16, 2018, Plaintiff Jeffery Werner ("Plaintiff") filed a Complaint against Defendants for damages and injunctive relief from copyright infringement.  After engaging in settlement negotiations, on August 30, 2019, Plaintiff filed a First Amended Complaint ("FAC"), again alleging copyright infringement in violation of 17 U.S.C. § 101, et seq.  On March 9, 2020, Plaintiff filed a Motion for Summary Judgment, which Defendants did not oppose.

The Court granted summary judgment for Plaintiff on April 28, 2020, finding Defendants committed four acts of copyright infringement of photographs owned by Plaintiff by authorizing unlicensed display of the images on Defendants' websites.  The four photographs are: (1) the Giant George Image; (2) the Buffalo Whisperer Image; (3) the Mr. Stubbs Image; and (4) the Wiley Coyote Image.  The Court held Plaintiff was "entitled to pursue an award of statutory damages and attorneys' fees in connection with the infringements of the Buffalo Whisperer,

Wiley Coyote, Mr. Stubbs, and Giant George Image." (See Dkt. No. 69). The Court entered a Judgment in favor of Plaintiff and against Defendants.

On May 12, 2020, Plaintiff filed a motion for attorneys' fees, seeking $50,236 in fees and $915.03 in litigation costs. On May 25, 2020, Plaintiff filed a motion for damages. Plaintiff sought a total of $200,000 in statutory damages under the Copyright Act for Defendants' infringement of his four copyrighted images: $10,000 in statutory damages each for infringement of the Wiley Coyote and Buffalo Whisperer Images, and $90,000 in statutory damages each for infringement of the Mr. Stubbs and Giant George Images. Defendants did not oppose the motion for attorneys' fees or the motion for damages. On June 22, 2020, the Court granted the motion for attorneys' fees and the motion for damages.

The Court entered an Amended Judgment on July 30, 2020, which reflected the damages and attorneys' fees awarded to Plaintiff.

Following entry of the Amended Judgment, Plaintiff has taken action to enforce and collect upon it. On July 30, 2020, Plaintiff requested issuance of three writs of execution and the Clerk of Court entered the three writs requested on July 31, 2020. On August 3, 2020, Plaintiff requested an order granting a special appointment to serve process, which the Court granted on August 5, 2020. The United States Marshals Service served bank levies on August 18, 2020 and August 19, 2020 on Defendants' accounts at Comerica Bank. Those bank levies were returned executed on September 18, 2020. On October 13, 2020, Plaintiff requested issuance of three additional writs of execution, which the Clerk of Court issued on October 26, 2020.

Pertinent here, on January 21, 2020, Defendants filed requests to substitute their counsel Jeffrey B. Valle with Ricardo Alan Chavez (hereinafter "Chavez"). The Court granted the substitution of counsel on February 6, 2020 and Chavez became counsel of record for Defendants. On May 15, 2020, Chavez filed a notice of withdrawal of counsel. On May 18, 2020, the Clerk of Court identified several deficiencies with Chavez's notice and during a telephonic pretrial conference on May 18, 2020, the Court advised Chavez that his notice was defective procedurally and he must file the proper documents to be relieved as counsel. Chavez refiled a notice of withdrawal of counsel on May 29, 2020. On June 1, 2020, the Clerk of Court identified a deficiency in Chavez's filing. On August 17, 2020, Chavez filed a request for approval of substitution or withdrawal of counsel. On August 18, 2020, the Clerk of Court identified several deficiencies in Chavez's filing. On August 20, 2020, the Court ordered stricken Chavez's August 17, 2020 filing and ordered him to correct the deficiencies identified by the Clerk of Court. On August 28, 2020, Chavez filed a "request to withdraw of [sic] attorney." On September 2, 2020, the Clerk of Court identified a deficiency in Chavez's filing, namely that he failed to comply with Local Rule 5-4.4, and the Court ordered the filing stricken. On September 21, 2020, Chavez filed a "request to withdraw attorney," which the Court granted on September 24, 2020, approving the substitution of counsel Shanen Reid Prout for Defendant Evolve Media, LLC. On October 2, 2020, Chavez filed a request to withdraw as counsel for Defendants Craveonline, LLC and Totallyher Media, LLC, which the Court granted on October 5, 2020, approving the substitution of counsel Shanen Reid Prout.

  Defendants filed the instant Motion on October 19, 2020. In support of the Motion, Defendants filed the Declarations of Aaron Broder, Richard Chavez, and Shanen Prout. Plaintiff filed Opposition to the Motion and the Declaration of Ryan E. Carreon on October 26, 2020. Defendants filed a Reply and another Declaration of Aaron Broder on November 2, 2020.

## II. Discussion

  In the Motion, Defendants move the Court to: set aside its orders granting Plaintiff's motion for summary judgment, Plaintiff's motion for damages, and Plaintiff's motion for attorneys' fees; set aside the Judgment and Amended Judgment; and recall and quash any writs of execution issued in this action. (See Mot.) According to Defendants, their previous counsel Chavez acted with gross and extreme carelessness and effectively abandoned them in this litigation, rising to the level of excusable neglect and creating an extraordinary circumstance that prevented them from defending themselves in this action. (Id.) Defendants argue the Court should consider their evidence to rebut the amount of Plaintiff's damages, which Defendants contend were calculated improperly and inflated grossly. (Id.; Reply at 18 ("Plaintiff sought entry of an amount of damages based on an incomplete record and grossly one-sided evidence, while ignoring its own controverting [sic] evidence that it produced to Defendants in discovery.") (emphasis in original).)

  In Opposition, Plaintiff argues Defendants are not entitled to the relief requested because they engaged in culpable conduct and they lack a meritorious defense. (See Opp'n.)

  Defendants bring the Motion pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) (hereinafter "Rule 60(b)(1)" and "Rule 60(b)(6)"). The Court discusses each in turn.[1]

---

[1] As Defendants point out in the Reply, Plaintiff's Opposition relies on caselaw interpreting Rule 60(b)(1) and Rule 60(b)(6) in the context of entry of a default judgment that a defendant later seeks to set aside. Although Defendants did not oppose the motions for summary judgment, damages, and attorneys' fees, the Court did not enter a default judgment against Defendants. Accordingly, much of the caselaw set forth in Plaintiff's Opposition is distinguishable. The Court will not address, for example, the three-factor test set forth in TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) because that test for demonstrating excusable neglect pursuant to Rule 60(b)(1) applies only in the context of a defendant moving to set aside a default judgment. See Million (Far E.) Ltd. v. Lincoln Provisions Inc. USA, 581 F. App'x 679, 681 (9th Cir. 2014) ("To show excusable neglect under Rule 60(b)(1), a court considers: (a) whether the defendant has a meritorious defense; (b) whether the defendant engaged in culpable conduct that led to the default; and (c) whether reopening the default judgment would prejudice the plaintiff."). The Court discusses the applicable legal standard below. As the legal tests to determine whether a default judgment and an ordinary judgment should be set aside under Rule 60(b)(1) and Rule 60(b)(6) overlap and interrelate, however, the Court will consider Plaintiff's arguments raised in the Opposition as relevant to the analysis.

### A. Federal Rule of Civil Procedure 60(b)(1)

Rule 60(b)(1) authorizes a court to relieve a party from an order or judgment, inter alia, where the judgment is a result of the party's mistake, inadvertence, surprise, or excusable neglect. See Fed. R. Civ. P. 60(b)(1). A party seeking relief under Rule 60(b)(1) must file a noticed motion within a "reasonable time" not to exceed one year "after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010). "The proper application of Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." Stewart v. Wachowski, 574 F. Supp. 2d 1074, 1118 (C.D. Cal. 2005).

#### 1. Danger of Prejudice to Opposing Party

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying the resolution of the case." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). "[T]o be considered prejudicial, 'the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.'" Id. (quoting Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996)).

Defendants argue Plaintiff would suffer no harm if the Motion is granted. (Mot. at 12-13.) According to Defendants, vacating the judgment in this case would restore the parties "to an even footing in the litigation" and "[r]esetting the present case for trial – at least on the issue of damages and attorney's fees – does not pose a threat of serious delay that would result in the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion by the parties." (Id. at 13.)

In Opposition, Plaintiff argues he would suffer undue prejudice if the Motion is granted. (See Opp'n at 13-14.) Plaintiff explains "[i]f the relief sought is granted, [Plaintiff's] preparation and filing of the summary judgment motion, damages and fee motions, and post judgment collection efforts, will have been for naught." (Id. at 13.) Plaintiff has levied over $70,000 from Defendants' bank accounts and "would be forced to return those monies with no assurance that [Defendants] will be able to repay it if [Plaintiff] were to prevail in further proceedings." (Id.) Plaintiff argues he has not sought an award of attorneys' fees and costs relating to the preparation and filing of his damages motion, his judgment enforcement efforts, and the preparation and filing of the Opposition to the instant Motion; he contends the Court, if inclined to grant the Motion, should award Plaintiff his reasonable fees and costs incurred for these tasks to restore the status quo. (Id. at 13-14.)

This is not a case where Plaintiff obtained a "quick victory" that can easily be reversed without Plaintiff suffering undue prejudice. Cf. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1224-1225 (9th Cir. 2000) ("The prejudice to the Postal Service was minimal. It would have lost

a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have had to reschedule the trial date. But such prejudice is insufficient to justify denial of relief under Rule 60(b)(1)."). The Court is persuaded by Plaintiff's argument that he has expended considerable time and effort and incurred attorneys' fees and litigation costs to obtain the Judgment and Amended Judgment entered in this case as well as to enforce the Amended Judgment against Defendants. If the Court grants the Motion, Plaintiff would suffer "tangible harm," Thompson, 95 F.3d at 433-34, because he incurred those costs and fees and would be forced to return the funds he levied from Defendants' bank accounts pursuant to the Amended Judgment. Accordingly, the first Pioneer factor weighs against the finding of excusable neglect.

### 2. Length of Delay and Potential Impact on Proceedings

As stated supra, motions brought pursuant to Rule 60(b)(1) must be made within a reasonable time not to exceed one year after entry of a judgment. Fed. R. Civ. P. 60(c). The Ninth Circuit has instructed where a party allows the thirty-day appeal period to expire before filing a Rule 60(b) motion, "the interest in finality must be given great weight." Ashford v. Stewart, 657 F.2d 1053, 1055 (9th Cir. 1981).

In the Motion, Defendants argue they "have asserted the present motion well within Rule 60(c) and what case law authorities have held to be a 'reasonable time.'" (Mot. at 13.)

As stated supra, Defendants filed the instant Motion on October 19, 2020; the original Judgment was entered on April 28, 2020; and the Amended Judgment was entered on July 30, 2020. The Motion was filed six months after the Judgment was entered and three months after the Amended Judgment was entered, within the one-year deadline imposed by Rule 60(c).

Defendants, however, filed the Motion five months after the appeal period had lapsed regarding the original Judgment and two months after the appeal period had lapsed regarding the Amended Judgment, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A). When a party makes a voluntary, conscious decision not to appeal a matter, such "calculated, deliberate choices are not to be relieved from under [Rule 60(b)]." Plotkin v. Pac. Tel. and Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982) (citing Ackermann v. United States, 340 U.S. 193, 198 (1950)). Accordingly, the interest in finality of the judgment in this case is strong in light of the six-month or three-month delay in filing the Motion. See, e.g., Plotkin, 688 F.2d at 1293 n.2 (agreeing with district court's conclusion that Rule 60(b) motion was not filed within a reasonable time where it was filed 48 days after entry of the order and 18 days after the expiration of the time to appeal the order).

As discussed supra, Plaintiff has begun to enforce the Amended Judgment and has already levied a significant sum toward the satisfaction of Defendants' obligations pursuant to that Amended Judgment. Defendants have brought the Motion months after Plaintiff initiated his collection efforts. If the Court grants the Motion, the potential impact on the proceedings is significant and to Plaintiff's detriment.

As this matter involves a period of delay that exceeds the appeal period and the Motion was filed after Plaintiff's collection efforts had been underway for months, the Court concludes

the length of Defendants' delay in bringing the Motion is unreasonable.  This Pioneer factor weighs against the finding of excusable neglect.

### 3. Reason for Delay

In evaluating the adequacy of the reason for the delay, the Court must take into account whether the moving party was in reasonable control of the circumstances that caused the delay. See Marx v. Loral Corp., 87 F.3d 1049, 1054 (9th Cir. 1996), overruled on other grounds by Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012).

Defendants argue their "present counsel of record spent several months investigating the record in this case and collecting evidence to support this Motion" and filed the Motion "within a couple of months after the time to appeal expired."  (Mot. at 14.)  Defendants' current counsel Shanen Prout ("Prout") explains in his Declaration that after he was retained, he "spent dozens of hours conducting activities to assess the Motion and grounds for relief," including interviewing Aaron Broder (hereinafter "Broder"), Defendants' Chief Executive Officer, and Chavez, reviewing the Court's docket in this case, and conducting legal research.  (Prout Decl. ¶ 2.)  Defendants also claim, "as corporate defendants, [they] could not represent themselves in the action once [] Chavez abandoned them and they were thus unable to seek immediate relief from this Court until they could retain new counsel."  (Id.)

Based on the record before the Court, Prout was retained on June 4, 2020.  (See Prout Decl. ¶ 2; Broder Decl. ¶ 21.)  Originally, Plaintiff's motion for attorneys' fees was set for hearing on June 15, 2020 and his motion for damages was set for hearing on June 22, 2020.  Based on those hearing dates, pursuant to Local Rule 7-9, Defendants' opposition to the motion for attorneys' fees was due to be filed by May 25, 2020 and their opposition to the motion for damages was due to be filed by June 1, 2020.  Prout would have been unable to file timely opposition briefs to either motion, but he had been retained before the Court took both motions off calendar and under submission on June 10, 2020 and June 17, 2020, respectively, and weeks before the Court ruled on both motions on June 22, 2020.  Moreover, Prout knew about the Court's rulings on June 22, 2020 and sent copies of the Court's Orders to Defendants.  (Broder Decl. ¶ 22.)  Similarly, Prout had been retained for nearly two months when the Court entered the Amended Judgment on July 30, 2020.  Based on this record, the Court is not persuaded by Defendants' argument that, because they were abandoned by Chavez, they could not file the instant Motion until October 19, 2020.

Furthermore, while the Court agrees it takes some time for new counsel to become familiar with the issues involved in a new case, the Court does not find Defendants' explanation for the delay persuasive given the activity in this litigation between June 4, 2020, when Prout was retained, and October 19, 2020, when the instant Motion was filed.  The Court acknowledges, as discussed supra, after several unsuccessful attempts, Chavez did not formally withdraw from representing Defendants in this case until September 24, 2020 and October 5, 2020 and Prout substituted in as Defendants' counsel on those dates.  The record is clear, however, Prout was retained by Defendants on June 4, 2020 and began working on this litigation on that date.  Moreover, there is no evidence to show why Prout could not have prepared the substitution of counsel form, as Chavez was unsuccessful in filing the required documents on several occasions.  Upon being retained, there was nothing preventing Prout from substituting in

as counsel for Defendants and immediately moving to set aside the Court's order on Plaintiff's motion for summary judgment or seeking an extension of time to file opposition to Plaintiff's motions for attorneys' fees and for damages.

Defendants attempt to pin the blame on Chavez for failing to oppose the motions for summary judgment, for attorneys' fees, and for damages. Defendants' evidence, however, demonstrates a breakdown in the attorney-client relationship between Chavez and Broder by at latest May 14, 2020. (See Chavez Decl. ¶ 10 ("In early May, Mr. Broder and I discussed my desire to withdraw as counsel for Defendants in this action."), Exh. A; Broder Decl. ¶ 14 ("In April, Mr. Chavez and I discussed his potential withdrawal as counsel for Defendants in this action.").) Moreover, according to Chavez, he did not oppose Plaintiff's motion for summary judgment due to "the delay tactics that [Broder] had insisted upon" and he did not file an ex parte application or motion to continue the hearing on the motion for summary judgment "[d]ue to the strategy discussed between Mr. Broder and myself." (Chavez Decl. ¶¶ 7, 8.)

Based on this record, the Court concludes Defendants were in reasonable control of the circumstances that caused the delay. Marx, 87 F.3d at 1054. Accordingly, this Pioneer factor weighs against the finding of excusable neglect.

### 4. Whether Movant Acted in Good Faith

Defendants contend there is no evidence that they have acted in bad faith when they failed to oppose Plaintiff's motions for summary judgment, for attorneys' fees, and for damages. (See Mot. at 14-15.) According to Defendants, "[t]he harm to Defendants from which it [sic] seeks relief resulted from the gross negligence of Defendants' prior counsel, not from Defendants [sic] acts or omissions or they or their counsel's deviousness or willfulness." (Id. at 15.)

In Opposition, Plaintiff argues Defendants acted willfully in failing to oppose the motions for summary judgment, for attorneys' fees, and for damages. (See Opp'n at 6-10.) Plaintiff contends Defendants employed a "wait and see" approach in hopes "that the Court would award minimal damages or set the case for trial." (Opp'n at 9.) Plaintiff points out Broder states in his Declaration he did not know Plaintiff had filed a motion for damages (see Broder Decl. ¶ 18), yet Chavez represents in his Declaration he discussed with Broder the possibility of retaining an expert witness to oppose the motion for damages but Broder declined and said the expense should be "put off for trial" (see Chavez Decl. ¶ 14). Plaintiff argues Defendants' actions in failing to oppose his three motions, then filing the instant Motion months later after Plaintiff successfully levied funds from Defendants' bank accounts was "calculated and intentional," pursuant to their strategy to delay this litigation. (Opp'n at 9-10.)

While the Court is persuaded by Plaintiff's arguments that Defendants' delay may have been more intentional than Defendants let on, there is no express evidence of deviousness or bad faith on Defendants' behalf. The Court concludes this Pioneer factor weighs in favor of the finding of excusable neglect. See Bateman, 231 F.3d at 1225.

On balance, three of the four Pioneer factors weigh against a finding of excusable neglect pursuant to Rule 60(b)(1). Overall, the carelessness displayed by Chavez and Prout in failing to file timely opposition to Plaintiff's three motions or move to set aside the Court's Amended

Judgment or orders granting Plaintiff's three motions does not constitute excusable neglect. See Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043-44 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)" (internal quotation omitted)); see also, e.g., Pincay v. Andrews, 389 F.3d 853, 857 (9th Cir. 2004) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"); see also Allmerica Fin. Life Ins. and Annuity Co. v. Llewellyn, 139 F.3d 664, 665-66 (9th Cir. 1997) ("counsel's failure to plead an affirmative defense . . . does not provide a basis for equitable relief under Rule 60(b)(1)").

Defendants' arguments about Chavez's failures as their counsel amount to claims of attorney malpractice. "As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); see also Latshaw v. Trainer Wortham & Co. Inc., 452 F.3d 1097, 1101 (9th Cir. 2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. . . . [P]arties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims."); Pioneer, 507 U.S. at 397 ("[C]lients must be held accountable for the acts and omissions of their attorneys."); Llewellyn, 139 F.3d at 666 ("[A]ttorney error is insufficient grounds for relief under . . . Rule 60(b)(1)."); Williams v. Securitas Sec. Serv. USA, Inc., No. CV 12-1885-GHK (SSx), 2012 WL 12888104, at *3 (C.D. Cal. Aug. 14, 2012). The Court acknowledges Defendants' predicament, as Chavez carried no attorney malpractice insurance and is unable to "contribute a sum of money toward a settlement payment to Plaintiff that might resolve this action . . . ." (See Chavez Decl. ¶¶ 19-20.) Defendants have not met their burden, however, to show Chavez engaged in excusable neglect, warranting relief pursuant to Rule 60(b)(1).

Accordingly, the Court DENIES Defendants' Motion brought pursuant to Rule 60(b)(1).

### B. Federal Rule of Civil Procedure 60(b)(6)

Alternatively, Defendants moves for relief pursuant to Rule 60(b)(6), which provides "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding, for . . . any other reason . . . justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a catchall provision used sparingly to prevent manifest injustice only under "extraordinary circumstances." United States v. Wash., 593 F.3d 790, 799-800 (9th Cir. 2009). In order to merit relief pursuant to Rule 60(b)(6), the moving party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion. Cmty. Dental Serv. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002). A Rule 60(b)(6) motion must be based on grounds other than those listed in the Rule's preceding clauses. Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) (Rule 60(b)(6) "must be read as exclusive of preceding clauses.").

An attorney's gross negligence qualifies as an extraordinary circumstance warranting relief pursuant to Rule 60(b)(6), but an attorney's ordinary negligence does not. Tani, 282 F.3d at 1168-69; Lal v. Cal., 610 F.3d 518, 524-25 (9th Cir. 2010). In Tani, the attorney "virtually abandoned his client by failing to proceed with his client's defenses despite court orders to do so" and deliberately deceived his client about what he was and was not doing. Tani, 282 F.3d at 1170-71. Moreover, the attorney lied to his client and told him the case was proceeding properly when, in fact, a default judgment had been entered against the client. Id. at 1167. Likewise, in Lal, the attorney failed to prosecute his client's case, deliberately misled his client, and expressly lied to his client by saying the case was proceeding properly when, in fact, it had been dismissed. Lal, 610 F.3d at 525-26.

Here, Defendants have failed to provide evidence demonstrating Chavez's gross negligence. There is no evidence before the Court that shows Defendants were lied to or mislead about the status of this case or were abandoned by Chavez. The record shows Chavez kept Broder informed about the filing of the motion for summary judgment, the Court's order granting the motion for summary judgment, the filing of the motion for attorneys' fees and, although disputed by Broder, Chavez declares he discussed Plaintiff's motion for damages with Broder. (See Chavez Decl. ¶¶ 6-9, 13, 14.) Defendants fail to demonstrate "extraordinary circumstances" or articulate any other basis for relief pursuant to Rule 60(b)(6) other than those they already asserted pursuant to Rule 60(b)(1). Accordingly, the Court DENIES Defendants' Motion brought pursuant to Rule 60(b)(6).

### III. Conclusion

For the foregoing reasons, the Court DENIES Defendants' Motion for Relief from Judgments and Orders.

**IT IS SO ORDERED.**